# EXHIBIT A

Case 0:21-cv-61470-RAR   Document 1-2   Entered on FLSD Docket 07/20/2021   Page 2 of 183
Case Detail - Public - Broward County Clerk of Courts                                      Page 1 of 10
Case 0:19-cv-62508-XXXX   Document 1-1   Entered on FLSD Docket 10/08/2019   Page 1 of 88



**BRENDA D. FORMAN**
**CLERK OF THE COURTS**
browardclerk.org ■ BROWARD COUNTY, FLORIDA

Menu ≡

The Clerk's Office will be closed on Wednesday, October 9th for Yom Kippur

## Case Detail - Public

🖨 Print

### Joanna Parrish Plaintiff vs. Victorias Secret Stores Inc Defendant

**Broward County Case Number:** CACE19004284

**State Reporting Number:** 062019CA004284AXXXCE

**Court Type:** Civil

**Case Type:** Neg - Premises Liability Commercial

**Incident Date:** N/A

**Filing Date:** 02/25/2019

**Court Location:** Central Courthouse

**Case Status:** Pending

**Magistrate Id / Name:** N/A

**Judge ID / Name:** 25 Phillips, Carol-Lisa

| − Party(ies) | | | | Total: 2 |
|---|---|---|---|---|
| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address ★ Denotes Lead Attorney | |

∧

## Exhibit A

Case 0:21-cv-61470-RAR   Document 1-2   Entered on FLSD Docket 07/20/2021   Page 3 of 183
Case Detail - Public - Broward County Clerk of Courts                              Page 2 of 10
Case 0:19-cv-62508-XXXX   Document 1-1   Entered on FLSD Docket 10/08/2019   Page 2 of 88

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address<br>★ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **Parrish, Joanna** | | ★ Coffey, Samuel A<br>Retained<br>Bar ID: 71838<br>Coffey Trial Law<br>500 NE 4th Street,<br>Suite 100<br>Fort Lauderdale, FL 33301<br>**Status: Active**<br><br>Bocksch, Rachelle Renee<br>Retained<br>Bar ID: 151823<br>Rosenberg & Rosenberg, P.A<br>2501 Hollywood Blvd., Suite 110<br>Hollywood, FL 33020<br>**Status: Active** |
| Defendant | **Victorias Secret Stores Inc** | | ★ Gursky, Jami L., ESQ.<br>Retained<br>Bar ID: 572926<br>Cole Scott & Kissane, P.A.<br>110 SE 6th St., Suite 2700<br>Fort Lauderdale, FL 33301-5060<br>**Status: Active**<br><br>McCardle, Patrick Colin<br>Retained<br>Bar ID: 99042<br>Cole, Scott & Kissane, PA<br>110 Tower, Suite 2700<br>110 SE 6th Street<br>Fort Lauderdale, FL 33301<br>**Status: Active** |

## − Disposition(s)                                                    Total: 0

| Date | Statistical Closure(s) |
|---|---|

| Date | Disposition(s) | View | Page(s) | ⌃ |
|---|---|---|---|---|

Case 0:21-cv-61470-RAR   Document 1-2   Entered on FLSD Docket 07/20/2021   Page 4 of 183
Case Detail - Public - Broward County Clerk of Courts                                                          Page 3 of 10
Case 0:19-cv-62508-XXXX   Document 1-1   Entered on FLSD Docket 10/08/2019   Page 3 of 88

## — Event(s) & Document(s)                                        Total: 54

| Date | Description | Additional Text | View | Pages |
|---|---|---|---|---|
| 10/02/2019 | Notice of Taking Deposition | | | 2 |
| 09/26/2019 | Response to Request for Admissions | | | 2 |
| 09/25/2019 | Notice of Filing Designation of Emailing Addresses | | | 2 |
| 09/25/2019 | Notice of Appearance | NOTICE OF APPEARANCE Party: *Plaintiff* Parrish, Joanna | | 1 |
| 09/25/2019 | Notice of Cancellation | | | 2 |
| 09/25/2019 | Notice of Cancellation | | | 2 |
| 09/25/2019 | Order on Motion to Compel | BETTER RESPONSES TO SUPPLEMENTAL REQUEST FOR ADMISSIONS | | 2 |
| 09/25/2019 | Order on Motion to Compel | BETTER RESPONSES TO DEFENDANT'S AFFIRMATIVE DEFENSE #19 | | 2 |
| 09/04/2019 | Notice of Hearing | | | 1 |
| 08/30/2019 | Notice of Hearing | | | 3 |
| 08/21/2019 | Re-Notice of Taking Deposition | | | 2 |

| Date | Description | Additional Text | View | Pages |
|---|---|---|---|---|
| 08/21/2019 | **Motion to Compel** | BETTER ANSWERS TO DEFENDANT'? AFFIRMATIVE DEFENSE-#19 (Fabre Party: *Plaintiff* Parrish, Joanna | | 2 |
| 08/16/2019 | **Notice of Service of Answers to Interrogatories** | | | 2 |
| 08/16/2019 | **Response to Request for Admissions** | | | 5 |
| 08/16/2019 | **Response to Request for Production** | | | 8 |
| 07/23/2019 | **Motion to Compel** | BETTER RESPONSES TO SUPPLEMENTAL REQUEST FOR ADMISSIONS Party: *Defendant* Victorias Secret Stores Inc | | 4 |
| 07/09/2019 | **Re-Notice of Taking Deposition** | | | 2 |
| 07/05/2019 | **Certificate of No Objection** | | | 3 |
| 07/03/2019 | **Certificate of No Objection** | | | 2 |
| 07/02/2019 | **Notice of Taking Deposition** | | | 2 |
| 06/25/2019 | **Request for Copies (Pursuant to Rule 1.351)** | Party: *Plaintiff* Parrish, Joanna | | 2 |
| 06/25/2019 | **Response to Request for Admissions** | Party: *Plaintiff* Parrish, Joanna | | 1 |
| 06/25/2019 | **Order Extending Time** | To file answers, responses and/or objections to all discovery | | 2 |

Case 0:21-cv-61470-RAR   Document 1-2   Entered on FLSD Docket 07/20/2021   Page 6 of 183
Case Detail - Public - Broward County Clerk of Courts                                          Page 5 of 10
Case 0:19-cv-62508-XXXX   Document 1-1   Entered on FLSD Docket 10/08/2019   Page 5 of 88

| Date | Description | Additional Text | View | Pages |
|---|---|---|---|---|
| 06/20/2019 | Request for Copies | | 📄 | 2 |
| 06/19/2019 | Notice of Production From Non-Party | | 📄 | 2 |
| 06/17/2019 | Notice of Filing Answers to Interrogatories | | 📄 | 1 |
| 06/12/2019 | Certificate of No Objection | | 📄 | 2 |
| 06/12/2019 | Notice of Production From Non-Party | | 📄 | 3 |
| 06/10/2019 | Answer to Request for Admissions | Party: *Plaintiff* Parrish, Joanna | 📄 | 2 |
| 06/10/2019 | Notice of Filing Answers to Interrogatories | Party: *Plaintiff* Parrish, Joanna | 📄 | 1 |
| 06/10/2019 | Response to Request for Production | | 📄 | 2 |
| 06/09/2019 | Motion to Compel/Impose Sanctions | MOTION FOR CONTEMPT AND TO COMPEL RESPONSES TO DEFENDANT'S INTERROGATORIES, REQUEST FOR ADMISSIONS, RESPONSES TO REQUEST FOR PRODUCTION, AND MOTION FOR SANCTIONS Party: *Defendant* Victorias Secret Stores Inc | 📄 | 31 |
| 06/05/2019 | Agreed Order | ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME /GRANTED; 6/7/19 | 📄 | 2 |

Case 0:21-cv-61470-RAR   Document 1-2   Entered on FLSD Docket 07/20/2021   Page 7 of 183
Page 6 of 10
Case Detail - Public - Broward County Clerk of Courts
Case 0:19-cv-62508-XXXX   Document 1-1   Entered on FLSD Docket 10/08/2019   Page 6 of 88

| Date | Description | Additional Text | View | Pages |
|---|---|---|---|---|
| 05/31/2019 | **Supplemental Request for Admissions** | | | 3 |
| 05/31/2019 | **Motion for Extension of Time** | TO RESPOND TO DISCOVERY<br>Party: *Defendant* Victorias Secret Stores Inc | | 2 |
| 05/24/2019 | **Motion for Extension of Time** | Party: *Plaintiff* Parrish, Joanna | | 2 |
| 04/24/2019 | **Answer & Affirmative Defenses** | TO PLAINTIFF'S COMPLAINT FOR DAMAGES<br>Party: *Defendant* Victorias Secret Stores Inc | | 8 |
| 03/20/2019 | **Request for Copies (Pursuant to Rule 1.351)** | PLAINTIFF'S REQUEST FOR COPIES<br>Party: *Plaintiff* Parrish, Joanna | | 2 |
| 03/19/2019 | **Notice of Production From Non-Party** | | | 2 |
| 03/11/2019 | **Request for Production** | Party: *Defendant* Victorias Secret Stores Inc | | 7 |
| 03/11/2019 | **Notice of Appearance** | Party: *Defendant* Victorias Secret Stores Inc | | 2 |

Case 0:21-cv-61470-RAR   Document 1-2   Entered on FLSD Docket 07/20/2021   Page 8 of 183
Case Detail - Public - Broward County Clerk of Courts   Page 7 of 10
Case 0:19-cv-62508-XXXX   Document 1-1   Entered on FLSD Docket 10/08/2019   Page 7 of 88

| Date | Description | Additional Text | View | Pages |
|---|---|---|---|---|
| 03/11/2019 | **Notice of Service of Interrogs** | NOTICE OF SERVICE OF DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF Party: *Defendant* Victorias Secret Stores Inc | 📄 | 2 |
| 03/11/2019 | **Request for Production** | DEFENDANT'S FIRST REQUEST FOR ADMISSIONS Party: *Defendant* Victorias Secret Stores Inc | 📄 | 3 |
| 03/11/2019 | **Request for Admissions** | DEFENDANT'S FIRST REQUEST FOR ADMISSIONS Party: *Defendant* Victorias Secret Stores Inc | 📄 | 3 |
| 03/11/2019 | **Motion** | DEFENDANT'S MOTION TO BE NOTIFIED OF ELECTIVE SURGERIES Party: *Defendant* Victorias Secret Stores Inc | 📄 | 2 |
| 03/07/2019 | **Notice of Filing/Affidavit of Service Returned Served** | | 📄 | 2 |
| 02/26/2019 | **Filing Fee** | Payor: PAUL ROSENBERG ; Userid: CTS-fg/t ; Receipt: 20191FA1A030511; ;<br><br>Amount: $401.00 | | |

Case 0:21-cv-61470-RAR   Document 1-2   Entered on FLSD Docket 07/20/2021   Page 9 of 183
Case Detail - Public - Broward County Clerk of Courts                                              Page 8 of 10
Case 0:19-cv-62508-XXXX   Document 1-1   Entered on FLSD Docket 10/08/2019   Page 8 of 88

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 02/26/2019 | **Summons Issued Fee** | Payor: PAUL ROSENBERG ; Userid: CTS-fg/t ; Receipt: 20191FA1A030511; ; Amount: $10.00 | | |
| 02/25/2019 | **Civil Cover Sheet** | | 📄 | 2 |
| 02/25/2019 | **eSummons Issuance** | Party: *Defendant* Victorias Secret Stores Inc | 📄 | 2 |
| 02/25/2019 | **Complaint (eFiled)** | For Damages Party: *Plaintiff* Parrish, Joanna | 📄 | 3 |
| 02/25/2019 | **Request for Admissions** | TO DEFENDANT Party: *Plaintiff* Parrish, Joanna | 📄 | 2 |
| 02/25/2019 | **Request for Production** | TO DEFENDANT, VICTORIA'S SECRET STORES, LLC Party: *Plaintiff* Parrish, Joanna | 📄 | 3 |
| 02/25/2019 | **Interrogatories & Notice of Filing** | VICTORIA'S SECRET STORES, LLC Party: *Plaintiff* Parrish, Joanna | 📄 | 10 |

 — Hearing(s)                                                                Total: 0

**There is no Disposition information available for this case.**

 — Related Case(s)                                                           Total: 0



Case 0:21-cv-61470-RAR   Document 1-2   Entered on FLSD Docket 07/20/2021   Page 10 of 183
Case Detail - Public - Broward County Clerk of Courts                                   Page 9 of 10
Case 0:19-cv-62508-XXXX   Document 1-1   Entered on FLSD Docket 10/08/2019   Page 9 of 88

> There is no related case information available for this case.

## Brenda D. Forman

### Clerk of Court

Broward County
17th Judicial Circuit

MORE ABOUT THE CLERK (/ABOUTUS/ABOUTTHEOFFICE#ABOUTTHECLERK)                               ›

 (https://www.facebook.com/browardclerkofcourts/)

## Connect with Us

COURTHOUSE LOCATIONS (/ABOUTUS/HOURSANDLOCATIONS#COURTHOUSELOCATIONS)                       ›

CONTACT US (/ABOUTUS/ABOUTTHEOFFICE#CONTACTUS)                                             ›

DISCLAIMER AGREEMENT (/GENERALINFORMATION/MISCELLANEOUS#DISCLAIMERAGREEMENT)                ›

CLERK DIRECTORY (/ABOUTUS/HOURSANDLOCATIONS#CLERKDIRECTORY)                                ›

TELL US WHAT YOU THINK (/MISCELLANEOUS/CLERKSURVEYS)                                       ›

## Accessibility & Support

ADA NOTICE (/GENERALINFORMATION/MISCELLANEOUS#ADA)                                         ♿

PRINT                                                                                     🖶

FREQUENTLY ASKED QUESTIONS
(HTTPS://WWW.BROWARDCLERK.ORG//WEB2/CASESEARCHECA/FREQUENTQUESTIONS/)

GLOSSARY OF TERMS (HTTPS://WWW.BROWARDCLERK.ORG//WEB2/CASESEARCHECA/GLOSSARY/)             »

## Main Courthouse Location

^

Case 0:21-cv-61470-RAR   Document 1-2   Entered on FLSD Docket 07/20/2021   Page 11 of 183
Case Detail - Public - Broward County Clerk of Courts
Page 10 of 10
Case 0:19-cv-62508-XXXX   Document 1-1   Entered on FLSD Docket 10/08/2019   Page 10 of 88

## 201 SE 6th Street

Fort Lauderdale
Florida, US 33301
Phone: (954) 831-6565

---

PUBLIC RECORDS CUSTODIAN
(/GENERALINFORMATION/MISCELLANEOUS#PUBLICRECORDSCUSTODIAN) › *PURSUANT TO 119.12(2),
F.S.*

PUBLIC ACCESS TO JUDICIAL RECORDS
(/GENERALINFORMATION/MISCELLANEOUS#JUDICIALRECORDRULE) › *PURSUANT TO RULE 2.420*

Under Florida law, email addresses are public records. If you do not want your email address released in response
to a public records request, do not send electronic mail to this entity.
Instead, contact this office by phone or in writing.

© 2019 - All rights reserved

Case Number: CACE-19-004284 Division: 25

Case 0:18-cv-62508-XXXX   Document 1-1   Entered on FLSD Docket 10/08/2019   Page 11 of 88

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

JOANNA PARRISH,                                      GENERAL JURISDICTION DIVISION

     Plaintiff,                                     CASE NO:

v.

VICTORIA'S SECRET STORES, LLC.,

_____ Defendant. _____/

## COMPLAINT FOR DAMAGES

**COMES NOW**, Plaintiff, JOANNA PARRISH, by and through her undersigned

attorney, and sues Defendant, VICTORIA'S SECRET STORES, LLC. (Hereinafter

"VICTORIA'S SECRET") and alleges as follows:

## GENERAL ALLEGATIONS

1.     This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00),

    exclusive of attorney's fees and costs.

2.     Plaintiff, JOANNA PARRISH, at all times material and relevant hereto was a resident of

    Broward County, Florida, and is *sui juris.*

3.     Defendant, VICTORIA'S SECRET is a foreign corporation, licensed to do and in fact

    doing business in the State of Florida.

4.     On or about October 25, 2015, Plaintiff, JOANNA PARRISH, was lawfully on

    Defendant's premises located at the Victoria's Secret Store in the Galleria Mall at 2414 E

    Sunrise Blvd, Fort Lauderdale, FL 33304, as an invitee.

5.     On or about October 25, 2015, Defendant, VICTORIA'S SECRET by and through its

    agents, employees, and/or servants, had dominion, possession and control of the

    premises.

6.     On or about October 25, 2015, Defendant's, VICTORIA'S SECRET agents, employees,

    and/or servants acted within the course and scope of their employment.

## COUNT I
## NEGLIGENCE AGAINST DEFENDANT, VICTORIA'S SECRET

Plaintiff, JOANNA PARRISH, hereinafter reaffirms and realleges each and every allegation contained in paragraphs one through six of the General Allegations, as if fully set forth herein and further states:

7.   On or about October 25, 2015, Defendant, VICTORIA'S SECRET by and through its agents, employees, and/or servants, negligently and carelessly maintained the above-mentioned premises, to-wit: by causing a mannequin to fall and strike the Plaintiff, and thus sustain serious personal injuries.

8.   Defendant, VICTORIA'S SECRET either knew or should have known of the existence of the dangerous condition of the common areas and should have taken steps to warn Plaintiff, JOANNA PARRISH, of the existence of the dangerous condition.

9.   Defendant, VICTORIA'S SECRET had a duty to maintain the common areas in a reasonably safe and proper condition for the general public.

10.  Defendant, VICTORIA'S SECRET was negligent in creating or permitting the aforementioned dangerous and hazardous condition to remain upon the premises, rendering said premises dangerous and unsafe for the Plaintiff.

11.  Defendant, VICTORIA'S SECRET failed to warn Plaintiff, JOANNA PARRISH, of the aforementioned condition and the risk involved in as much as the presence of Plaintiff, JOANNA PARRISH, was known or reasonably foreseeable by Defendant, VICTORIA'S SECRET.

12.  The condition causing Plaintiff, JOANNA PARRISH, to be injured occurred with such frequency that it was reasonably foreseeable to the Defendant and thus, predictable and preventable.

13.  It was negligence of Defendant, VICTORIA'S SECRET not to change its policies and procedures due to their knowledge of these repeated and foreseeable incidents.

14. Plaintiff, JOANNA PARRISH, neither knew nor should have known of said condition and risk by the use of reasonable care.

15. Defendant, VICTORIA'S SECRET, failed to provide a mode of operation, policy or procedure to safeguard its premises from foreseeable and known hazards.

16. Defendant, VICTORIA'S SECRET failed to provide a policy or procedure to properly train its employees and supervise same in safeguarding its premises from this foreseeable and known hazard.

17. As a result of the Defendant's failure to maintain said common area in a reasonably safe condition, Plaintiff, JOANNA PARRISH, was severely injured.

18. As a result thereof, Plaintiff, JOANNA PARRISH, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are permanent and continuing, and Plaintiff, JOANNA PARRISH, will suffer the losses in the future.

WHEREFORE, Plaintiff, JOANNA PARRISH, demands judgment for damages and of all costs of said proceeding against Defendant, VICTORIA'S SECRET and requests a trial by jury of all issues triable as a right by a jury.

DATED this 25th day of February 2019.

ROSENBERG & ROSENBERG, P.A.
*Attorneys for Plaintiff*
2501 Hollywood Blvd., Suite 110
Hollywood, FL 33020
(954) 963-0444
Service of Documents: litigation2@rrpalaw.com
Gen. Communications: RBocksch@rrpalaw.com

*Rachelle Bocksch*
RACHELLE BOCKSCH, ESQ.
FBN: 151823

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

JOANNA PARRISH,

GENERAL JURISDICTION DIVISION

    Plaintiff.

CASE NO:

v.

VICTORIA'S SECRET STORES, LLC.,

    Defendant.            /

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT, VICTORIA'S SECRET STORES, LLC.

Plaintiff, JOANNA PARRISH, by and through the undersigned attorneys, and pursuant Fla. R. Civ. P. 1.280 and 1.350, propounds the attached Interrogatories to Defendant, VICTORIA'S SECRET STORES, LLC., and request the same be answered separately and fully in writing under oath, within the time and manner prescribed by the Florida Rules of Civil Procedure.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the above and foregoing was served upon Defendant along with the Complaint, Request for Production and Request for Admissions.

ROSENBERG & ROSENBERG, P.A.
Attorney for the Plaintiff
2501 Hollywood Blvd.
Suite 110
Hollywood, FL 33020
(954) 963-0444
(954) 963-1758 fax
Service of Documents: litigation2@rrpalaw.com
Gen. Communications: rbocksch@rrpalaw.com

BY: _Rachelle Bocksch_
RACHELLE R. BOCKSCH, ESQ.
FBN: 151823

## INSTRUCTIONS

A.    The incident referred to in these interrogatories is the one alleged by Plaintiff to be the basis of the claim described within Plaintiff's Complaint.

B.    These interrogatories are requesting the information of Defendant, Defendant's agents, servants, employees, investigators, sub-contractors, attorneys and insurance carriers.

C.    These interrogatories shall apply to any corporate structure, alias, other or alternate corporate identity Defendant has been known by during the last ten (10) years.

D.    Please be advised, the person who is chosen by Defendant as the person to answer these interrogatories SHALL BE DEPOSED and is, by virtue of answering this discovery, made a witness in this cause of action.

## FIRST INTERROGATORIES TO DEFENDANT,
## VICTORIA'S SECRET STORES, LLC.

1.    What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?  <u>Please identify if you are serving as the corporate representative, and if you are not, specifically identify the person who shall be designated as the corporate representative in this action, by providing their name, address and position with Defendant's company.</u>

2.    If Defendant has been known by any other name other than that listed in the style of this case, for the past ten (10) years, list all former names, corporate identities and aliases Defendant has been known by and what dates Defendant was known by each identity.

3. Describe in detail how the incident described in the Complaint happened, including any and all actions taken by you, and/or an agent, employee or other designee of the Defendant, to prevent the incident.

4. Describe in detail each **act or omission** on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

5. State the facts upon which Defendant relies for **each** affirmative defense in its answer.

6. Do you contend any person or entity other than Defendant is, or may be, liable in whole or part for the claims asserted in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

7. <u>INSURANCE AND INDEMNIFICATION</u>:  Describe any and all policies of insurance which you contend cover or may cover Defendant for the allegations set forth in Plaintiff's Complaint, detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

8. <u>PERSONS WITH KNOWLEDGE AND/OR WITNESSES</u>:  List the names, addresses and telephone numbers of all persons who are believed or known by Defendant, Defendant's agents and/or attorneys, to have any knowledge concerning any of the issues in this lawsuit (specify the subject matter about which the witness has knowledge).  This interrogatory includes the names, address and contact information for any and all witnesses known to Defendant, including but not limited to, persons who filled out the incident report, took photographs of the scene and the manager on duty on the date of Plaintiff's accident.

9. <u>STATEMENTS</u>:  Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit?  If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.  This answer should include any statements made by Plaintiff(s), including but not limited to, statements made by Plaintiff that have been incorporated into an incident report.  <u>Please include whether there was an incident report prepared in response to Plaintiff's accident and whether Plaintiff signed any portion of said report.</u>

10. <u>PHOTOGRAPHS/PLATS/DRAWINGS/VIDEOTAPE/OTHER   EVIDENCE</u>:   State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession custody, or control or any model, plat, map, drawing, motion picture, <u>videotape</u>, and/or <u>photograph</u>, pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.  <u>This should include, but not be limited to, any photographs taken as part of an incident report, surveillance cameras and/or in store camera videos.</u>

11. <u>VIDEO PRESERVATION AND USE</u>: Is there a video camera located on the premises where Plaintiff fell?  If so, is the video still available?  If not, please explain why.

12. <u>INVESTIGATION</u>:   Please   state   whether   Defendant   has   conducted   an inspection/investigation of any fact or circumstance pertaining to the subject incident, and, if so, please set forth:  the name and contact information for each such person who participated in the investigation; which area was inspected; the dates of said inspection /investigation; the name and contact information of any person/entity contacted by Defendant regarding the subject incident, including but not limited to witnesses.  Please further identify, with such particularity so that Plaintiff could describe in a subsequent request to produce, each and every writing and/or document related to Defendant's investigation, as well as the name, address, and telephone number of the present custodian of said materials.

13. <u>WARNING</u>:  Please state whether, prior to the subject incident, Defendant transmitted any warning, of whatever nature or description, to Plaintiff while plaintiff was in the store. If your answer to the foregoing interrogatory was in the affirmative, please further set forth: the name, address, and telephone number of the person or persons who gave any such warning, or if said warning was in writing, please state the contents of such writing including where said warning was placed prior to Plaintiff's incident or accident.

14. <u>POLICY & PROCEDURE CONCERNING HOW DEFENDANT RESPONDS TO ACCIDENTS</u>:   Describe Defendant's corporate policy and procedure concerning how employees and/or corporate agents respond to accidents/incidents on Defendant's premises. Include the procedure from the beginning when Defendant is made aware of an incident concerning a personal injury.  List which employees respond to accidents.  Further, please describe: whether an incident report is prepared; whether photos are routinely taken of the scene; whether photos are attached to the incident report; under what circumstances should Fire Rescue be called; what Defendant does after the invitee/patron leaves the store, post-accident?  Additionally, as part of your answer, state with particularity, <u>the names of all written, electronic and/or tangible documents, manuals, computer databases and/or policies</u> utilized in this process (use the titles and description used by Defendant so that Plaintiff may rely on such titles and/or description in order to propound a subsequent request for production).

15. <u>PREVIOUS AND SUBSEQUENT ACCIDENTS</u>:  How many incidents have occurred in the subject Victoria's Secret Store involving items falling onto customers, employees, and/or independent contractors [1] during the <u>three (3) years *prior* to and one (1) year *since*</u>[2] the <u>incident</u> herein sued upon?  State separately for each incident: the name,  address  and telephone number of each person who claimed injuries as a result of a incident similar to the one described in Plaintiff's Complaint, the approximate date of each occurrence, the nature of injury alleged to have been suffered, whether the claimant contended in any manner that such occurrence was caused in whole or part by a dangerous or defective condition or any negligence of Defendant, the name and address of the claimant's attorney and whether a lawsuit was filed, and if so, the case number and county where filed.

[1] *Publix v. Martin*, 739 So. 2d 174 (2nd DCA 1999): Plaintiff is entitled to information contained within incident reports concerning previous customer accidents even at locations other than the one at which Plaintiff was injured so long as the environment of the store is substantially similar. Information regarding customer accidents for five (5) years prior to Plaintiff's injury was relevant and discoverable.

[2] *Criswell v. Best Western*, 636 So. 2d 562 (3rd DCA 1994).

16. <u>PREVIOUS LAWSUITS</u>:  Please state if Defendant has ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state the nature of the action, and the date and court in which such suit was filed.[3]  For those actions in which you were a defendant in a <u>personal injury action</u>, please provide the general nature of the allegations against you, the injury complained of, and the name of the attorney who represented Defendant in each action, as well as the outcome of each case.

17. Please state the name and address of the individual(s) responsible for deciding where the subject mannequin was to be placed in the subject store.

18. Please state whether at the time of the subject incident, there was any policy and procedure that identified how and where mannequins are to be positioned in the store. If there was, state with specificity how and where the subject mannequin was to be positioned in the store.

---

[3]These interrogatories shall apply to any corporate structure, alias, other or alternate corporate identity Defendant has been known by during the last ten (10) years.

19. Does Defendant have any regular safety meetings or training. If so, please describe in detail the frequency of said meetings, the nature of issues discussed, the persons who attend and if there are any records kept which relate to said meetings or training.

20. State the manufacturer of the subject mannequin involved in Plaintiff's incident and provide a description and all specifications, including weight.

Please be advised, the person who is chosen by Defendant as the person to answer these interrogatories SHALL BE DEPOSED and is, by virtue of answering this discovery, made a witness in this cause of action.

PLEASE SIGN AND NOTARIZE UNDER OATH AS TO THE COMPLETENESS AND TRUTHFULNESS OF YOUR ANSWERS.

_____
Affiant

STATE OF FLORIDA                              :
                                                          :        SS:
COUNTY OF _____       :

I HEREBY CERTIFY, on this day, before me, an officer duly authorized in the State and County aforementioned to take acknowledgments, personally appeared, _____, who is personally known to me or produced _____ as identification, and who is the same individual described herein and who executed the foregoing and he/she acknowledged before me that he/she executed the same.

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 2014.

SEAL:                                    _____
                                              NOTARY PUBLIC,
                                              State of Florida

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

JOANNA PARRISH,                                    GENERAL JURISDICTION DIVISION

     Plaintiff,                                   CASE NO:

v.

VICTORIA'S SECRET STORES, LLC.,

     Defendant.                /

## PLAINTIFFS' INITIAL REQUEST FOR PRODUCTION TO DEFENDANT, VICTORIA'S SECRET STORES, LLC.

COME NOW, the Plaintiff, JOANNA PARRISH, by and through her undersigned attorneys, and in accordance with Florida Rule of Civil Procedure 1.350, and request(s) that the Defendant, VICTORIA'S SECRET STORES, LLC., produce at the office of the undersigned attorneys, within forty-five (45) days hereof, the documents requested on the following attached pages.

Be advised that this Request for Production concerns an accident which occurred on or about October 25, 2015, at the Victoria's Secret Store located in the Galleria Mall at 2414 E Sunrise Blvd, Fort Lauderdale, FL 33304, and that the requests herein refer to that date and the injuries sustained by Plaintiff, JOANNA PARRISH.

## DOCUMENTS TO BE PRODUCED

1.    Copies of any and all insurance policies which may ensure the benefit of the Defendant herein, including any excess or umbrella coverage policies.

2.    Any and all documents exchanged between the Plaintiffs and the Defendant that refer or relate in any form or manner to any of the issues raised in the pleadings.

3.     Any and all statements of Plaintiff and/or Plaintiff's agents, including family and witnesses, revealing knowledge of facts relevant or material to the claims and defenses in the instant litigation.

4.     Copies of any and all statements given by third parties regarding the instant accident.

5.     Copies of any and all statements given by employees of the Defendant regarding the instant accident.

6.     Any and all photographs and/or video of Plaintiff(s) resulting from surveillance and/or investigation of Plaintiff(s).

7.     Any and all photographs and/or video which Defendant intends to introduce at trial and/or may be used in this matter as impeachment evidence.

8.     Any and all drawings, sketches, photographs and/or video tapes of the Plaintiff's accident scene taken either prior to, on, or after the date of the instant accident.

9.     Copies of any and all documents indicating the name of the manufacturer of the subject mannequin, including a description and all specifications.

10.    Copies of any indemnification agreement(s) between the Defendant and any other party whom the Defendant contends may be responsible to pay some or all of the Plaintiffs' claims which result in this action.

11.    Copy of the incident or accident report prepared in response to the within accident, including any notes, emails, investigation or photos prepared with or as part of the incident report itself.

12.    A **blank** copy of the form incident report, not specific to any case, that was used by Defendant in response to accidents as of the date of Plaintiff's injury in this matter.

13.    Any and all safety manuals, safety brochures, training films or manuals, pamphlets, posters, websites, disks, video films (or an equivalent transcript), concerning

inspection and/or placement and/or securement of mannequins and/or displays at the subject Victoria's Secret's store.

14.     Any and all safety manuals, safety brochures, training films or manuals, pamphlets, posters, web-sites, disks, video films (or an equivalent transcript), concerning safety and accidents involving mannequins and/or displays.

15.     Minutes and/or notes taken during Defendant's safety meetings and trainings during the two years prior to Plaintiff's accident and one year post accident.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the Defendant, along with the original Summons, Complaint, Interrogatories and Request for Admissions filed in this matter.

ROSENBERG & ROSENBERG, P.A.
Attorney for the Plaintiff
2501 Hollywood Blvd.
Suite 110
Hollywood, FL 33020
(954) 963-0444
(954) 963-1758 fax
Service of Documents: litigation2@rrpalaw.com
Gen. Communications: rbocksch@rrpalaw.com

BY: _Rachelle Bocksch_
       RACHELLE R. BOCKSCH, ESQ.
       FBN: 151823

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

JOANNA PARRISH,                                    GENERAL JURISDICTION DIVISION

       Plaintiff,                                 CASE NO:

v.

VICTORIA'S SECRET STORES, LLC.,

_____Defendant._____/

## PLAINTIFFS' REQUEST FOR ADMISSIONS TO DEFENDANT

COME NOW, the Plaintiff, JOANNA PARRISH, by and through the undersigned attorneys, and hereby and request(s) that the Defendant, VICTORIA'S SECRET STORES, LLC., admits the genuineness and truth of the following Request for Admissions, in accordance with the applicable Florida Rules of Civil Procedure, within forty-five (45) days from the date hereof.

Be advised that this Request for Admissions concerns an accident which is alleged to have occurred on or about October 25, 2015, at the Victoria's Secret Store located in the Galleria Mall at 2414 E Sunrise Blvd, Fort Lauderdale, FL 33304, and that the requests herein refer to that date and the injuries sustained by Plaintiff, JOANNA PARRISH, as more fully described in Plaintiff's Complaint.

    1.    Admit that the Defendant has been properly served.

    2.    Admit that the Defendant is properly named herein.

    3.    Admit that on or about October 25, 2015, the Defendant owned the mannequin involved in Plaintiff's incident.

    4.    Admit that on or about October 25, 2015, an employee of Defendant, caused a mannequin to fall, sticking Plaintiff.

    5.    Admit that on or about the date of the accident alleged herein, the Plaintiff was lawfully on the subject premises.

6.     Admit that on or about the date of the accident alleged herein, the Plaintiff reported being injured after a mannequin fell on her.

7.     Admit that the Plaintiff's accident could have been avoided had the Defendant, by and through its agents and/or employees, not been negligent.

8.     Admit there are no known Fabre Defendants.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished to the Defendant, along with the original Summons, Complaint, Interrogatories and Request for Production filed in this matter.

ROSENBERG & ROSENBERG, P.A.
Attorney for the Plaintiff
2501 Hollywood Blvd.
Suite 110
Hollywood, FL 33020
(954) 963-0444
(954) 963-1758 fax
Service of Documents: litigation2@rrpalaw.com
Gen. Communications: rbocksch@rrpalaw.com

BY:   *Rachelle Bocksch*
RACHELLE R. BOCKSCH, ESQ.
FBN: 151823

Case Number: CACE-19-004284 Division: 25

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

JOANNA PARRISH,                              GENERAL JURISDICTION DIVISION

     Plaintiff,                          CASE NO:

v.

VICTORIA'S SECRET STORES, LLC.,

_____Defendant._____/

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA:

To each Sheriff of Said State:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint,
Interrogatories, Request for Production and Request for Admissions in this action on the Defendant:

**Victoria's Secret Stores LLC**
**Registered Agent**
**CT Corporation System**
**1200 South Pine Island Road**
**Plantation, FL 33324**

The Defendant is required to serve written defenses to the Complaint on ROSENBERG & ROSENBERG, P.A., 2501 Hollywood Boulevard, Suite 110, Hollywood, FL 33020, Plaintiffs' attorneys, within 20 days after service of this Summons on Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiffs' attorneys or immediately thereafter. If the Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the Complaint.

### IMPORTANT

A lawsuit has been filed against you. You have twenty (20) calendar days after this Summons is served on you to file a written response to the attached Complaint with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the Plaintiffs' attorneys named below.

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**IMPORTANT**

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pur deposer une reponse ecrite a la plainte aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes oblige de dposer votre response ecrite, avec mention du numero du dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats, ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenier ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney (Plaignant ou a son avocat) nomme ci-dessous.

RACHELLE BOCKSCH, ESQ.
ROSENBERG & ROSENBERG, P.A.
Attorneys for the Plaintiff(s)
2501 Hollywood Boulevard, Suite 110
Hollywood, FL  33020
(954) 963-0444
Service of Documents: litigation2@rrpalaw.com
Gen. Communications: RBocksch@rrpalaw.com

DATED ON _____ FEB 26 2019

Clerk of the Court

By: _____

As _____

BRENDA D. FORMAN

Case Number: CACE-19-004284 Division: 25

Filing # 85468797 E-Filed 02/25/2019 04:17:09 PM
Case 0:18-cv-62508-XXXX   Document 1-1   Entered on FLSD Docket 10/08/2019   Page 31 of 88

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.     **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Joanna Parrish</u>
Plaintiff

vs.

<u>Victoria's Secret Stores Inc.</u>
Defendant

II.     **TYPE OF CASE**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence – other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☒ Premises liability – commercial
  ☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure $0 - $50,000
  ☐ Commercial foreclosure $50,001 - $249,999
  ☐ Commercial foreclosure $250,000 or more
  ☐ Homestead residential foreclosure $0 – 50,000
  ☐ Homestead residential foreclosure $50,001 - $249,999
  ☐ Homestead residential foreclosure $250,000 or more
  ☐ Non-homestead residential foreclosure $0 - $50,000
  ☐ Non-homestead residential foreclosure $50,001 - $249,999

☐ Non-homestead residential foreclosure $250,00 or more
☐ Other real property actions $0 - $50,000
☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more

☐ Professional malpractice
  ☐ Malpractice – business
  ☐ Malpractice – medical
  ☐ Malpractice – other professional
☐ Other
  ☐ Antitrust/Trade Regulation
  ☐ Business Transaction
  ☐ Circuit Civil - Not Applicable
  ☐ Constitutional challenge-statute or ordinance
  ☐ Constitutional challenge-proposed amendment
  ☐ Corporate Trusts
  ☐ Discrimination-employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.　**REMEDIES SOUGHT** (check all that apply):
　　　☒　Monetary;
　　　☐　Non-monetary declaratory or injunctive relief;
　　　☐　Punitive

IV.　**NUMBER OF CAUSES OF ACTION:** (　　)
　　　(Specify)

　　　1

V.　**IS THIS CASE A CLASS ACTION LAWSUIT?**
　　　☐　Yes
　　　☒　No

VI.　**HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
　　　☒　No
　　　☐　Yes – If "yes" list all related cases by name, case number and court:

VII.　**IS JURY TRIAL DEMANDED IN COMPLAINT?**
　　　☒　Yes
　　　☐　No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature s/ Rachelle R Bocksch　　　FL Bar No.: 151823
　　　Attorney or party　　　　　　　　　　　　　　　　　　(Bar number, if attorney)

　　　Rachelle R Bocksch　　02/25/2019
　　　(Type or print name)　　　　　　　　　　　　　　Date

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

JOANNA PARRISH,                                    GENERAL JURISDICTION DIVISION

    Plaintiff,                                   CASE NO: CACE-19-004284

v.

VICTORIA'S SECRET STORES, LLC.,

    Defendant.    /

## NOTICE OF FILING OF VERIFIED RETURN OF SERVICE

**COMES NOW**, the Plaintiff, JOANNA PARRISH by and through the undersigned counsel

and hereby files this VERFIED RETURN OF SERVICE OF VICTORIA'S SECRET STORES LLC.

DATED this 7TH day of March 2019.

ROSENBERG & ROSENBERG, P.A.
Attorneys for Plaintiff
2501 Hollywood Blvd., Suite 110
Hollywood, FL 33020
(954) 963-0444
Service of Documents: litigation2@rrpalaw.com
Gen. Communications: RBocksch@rrpalaw.com

*Rachelle Bocksch*

BY: _____
    RACHELLE BOCKSCH, ESQ.
    FBN: 151823

## VERIFIED RETURN OF SERVICE, SUMMONS

**JOANNA PARRISH**

                                       CASE NO: CACE-19-004284

VS.                            TYPE OF WRIT: 20 DAY SUMMONS

**VICTORIA'S SECRET STORES, LLC.,**

Pursuant to the request of ROSENBERG & ROSENBERG, P.A., whose office is located at 2501 HOLLYWOOD BLVD. STE. 110, HOLLYWOOD FL. 33020, and pursuant to the Chief Judge's Administrative Order No. 94-12, dated Aug. 15, 1994, I, PERRY PARANG, # 47, received this document on 3/4/19 at 9:00 AM, and served the same VICTORIA'S SECRET STORES. LLC. on 3/5/19 at 10:55 AM at 1200 S. PINE ISLAND ROAD, PLANTATION, FL. 33324.

[]         **INDIVIDUAL**: By serving the within named person a copy of the writ, a copy of the complaint, petition or initial pleading.

[]         **SUBSTITUTE**: By serving a copy of this writ, and a copy of the complaint, petition or initial pleading at the defendants usual place of abode on a person permanently residing therein, to wit, , who is 15 years or older, and informing the person of the contents.

[X]    **CORPORATE/GOVERNMENTAL**: By serving C.T. COPORATION SYSTEM as, ANNE BOUTILIER, REG. AGENT, pursuant to Florida Statutes SS48.091.

[]         **POSTED RESIDENTUAL/COMMERCIAL**: By making two unsuccessful attempts to serve this defendant, six hours apart to wit: (1) , (2) on both attempts, no one was at the address contained therein.

[  ]     **PARTNERSHIP SERVICE**: By serving , who is one of the partners.

[]     **OTHER :**

[]         **NO SERVICE**: For the reason that diligent search and inquiry failed to find said defendant, ,

        I ACKNOWLEDGE that I am Certified Process Server in the Circuit in good standing (or authorized to serve process in the Circuit), in which this defendant was served, and that I have no interest in the above action. Under penalty of perjury, I declare that I have read the foregoing Verified Return of Service and that the facts stated in it are true.

                           **PERRY PARANG**, # 47
                       Court Certified Process Server

Case 0:19-cv-62508-XXXX   Document 1-1   Entered on FLSD Docket 10/08/2019   Page 35 of 88

IN THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE19-004284

JOANNA PARRISH,

      Plaintiff,

v.

VICTORIA'S SECRET STORES, LLC.,

      Defendant.

_____/

## DEFENDANT'S MOTION TO BE NOTIFIED OF ELECTIVE SURGERIES

    The Defendant, VICTORIA'S SECRET STORES, LLC., through undersigned counsel, and pursuant to the Florida Rules of Civil Procedure, files this Motion To Be Notified Of Elective Surgeries, and as grounds states as follows:

    1.    This is a negligence action arising out of an incident that allegedly occurred on October 25, 2015. The Plaintiff claims to have sustained physical injuries as a result.

    2.    The Plaintiff may elect, during the course of this case, to undergo elective surgery that is scheduled at a time and place determined between Plaintiff and her physicians, relating to injuries alleged to have been sustained in the accident at issue.

    3.    Defendant seeks an Order of the Court requiring the Plaintiff to place the Defendant on notice of whether the surgery will take place and give the Defendant reasonable opportunity to obtain a physical examination/MRI scan or like medical examination as may be warranted in advance of any elective surgery.

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700 - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

4.      The Court has authority to issue an Order preserving the status quo of a litigant's body for future examination by an opponent. *Vega v. CSCS International N.V.,* 795 So. 2d 164, 166 (Fla. 3d DCA 2001).

WHEREFORE, Defendant, VICTORIA'S SECRET STORES, LLC., requests an Order requiring Plaintiff to give Defendant 45 days' notice prior to undergoing any elective surgery relating to injuries alleged to have been sustained in the accident at issue. Defendant further requests that the Order provide the Defendant, upon receipt of that notice, shall have 45 days in which to obtain a Compulsory Medical Examination of the Plaintiff in advance of that surgery.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of March, 2019, a true and correct copy of the foregoing was filed with the Clerk of Broward County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system: Rachelle R. Bocksch, Esq., Rosenberg & Rosenberg, P.A., litigation2@rrpalaw.com;jneira@rrpalaw.com, 2501 Hollywood Boulevard, Suite 110, Hollywood, FL 33020, (954) 963-0444/(954) 963-1758 (F), Attorney for Plaintiff, Joanna Parrish.

COLE, SCOTT & KISSANE, P.A.
Counsel for Defendant *VICTORIA'S SECRET STORES, LLC.*
110 Tower
110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone (954) 703-3759
Facsimile (954) 703-3701
Primary e-mail: patrick.mccardle@csklegal.com
Alternate e-mail: annette.habersham@csklegal.com

By:   s/ Patrick C McCardle
       PATRICK C MCCARDLE
       Florida Bar No.: 99042

Case 0:19-cv-62508-XXXX   Document 1-15   Entered on FLSD Docket 10/08/2019   Page 37 of 88
Filing # 86167463 E-Filed 03/11/2019 12:25:57 PM

IN THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE19-004284

JOANNA PARRISH,

    Plaintiff,

v.

VICTORIA'S SECRET STORES, LLC.,

    Defendant.

_____/

## DEFENDANT'S FIRST REQUEST FOR ADMISSIONS

Defendant, VICTORIA'S SECRET STORES, LLC. , (hereinafter "Defendant") by and through the undersigned counsel, hereby serves JOANNA PARRISH (hereinafter "Plaintiff") to respond to the following Request for Admissions pursuant to Florida Rule of Civil Procedure 1.370:

1.    Your earning capacity was not reduced as a result of the Defendant's alleged actions as set forth in the Complaint.

2.    Your earning capacity was not impaired as a result of the Defendant's alleged actions as set forth in the Complaint.

3.    You did not lose any wages or income as a result of the Defendant's alleged actions as set forth in the Complaint.

4.    You did not sustain any permanent injuries as a result of the Defendant's alleged actions as set forth in the Complaint

5.    You sustained no permanent scarring as a result of the Defendant's alleged actions as set forth in the Complaint.

6.    You received no significant scarring as a result of the Defendant's alleged actions as set forth in the Complaint.

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700  - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

\*\*\* FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN.  CLERK 3/11/2019 12:25:56 PM.\*\*\*\*

CASE NO.: CACE 18-027643 (14)

7.    No medical provider has expressed a medical opinion that you have sustained a permanent injury as a result of the Defendant's alleged actions as set forth in the Complaint.

8.    No medical provider has expressed a medical opinion that you have sustained a permanent scar(s) as a result of the Defendant's alleged actions as set forth in the Complaint.

9.    Your ability to enjoy life has not been reduced as a result of the Defendant's alleged actions as set forth in the Complaint.

10.   The injuries you are claiming damages for as a result of the Defendant's alleged actions as set forth in the Complaint pre-existed the date of the alleged incident.

11.   You never requested any assistance of any kind from any of the Defendant's personnel after the alleged incident took place as set forth in the Complaint.

12.   You have photographs evidencing the alleged injuries.

13.   You consumed alcoholic beverages and/or took any drugs or medications within twelve (12) hours before the time of the incident alleged in the Complaint.

14.   If any recovery is awarded against the Defendant, that said award shall be reduced by the value of any collateral source paid and/or payable to Plaintiff as set forth in Florida Statute Section 768.76.

15.   You were not Defendant's business invitee as set forth in greater detail in your Complaint.

16.   You did not seek the assistance of any medical provider for over 24 hours following the incident described in your Complaint.

17.   You did not seek any medical assistance, of any kind, for any of the injuries you are claiming damages for, as set forth in your Complaint, within 24 hours of the incident described in your complaint.

18.   Any injury you allegedly sustained at the Defendant's premises on the date set forth in your Complaint has completely healed.

19.   You no longer experience any pain as a result of any injury you sustained on the date set forth in your Complaint.

COLE, SCOTT & KISSANE, P.A.
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700  - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

CASE NO.: CACE 18-027643 (14)

20.   You are currently disabled.

21.   You do not currently have gainful employment.

22.   There was a reasonably alternative route available so as to avoid the allegedly dangerous condition as set forth in the Complaint.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of March, 2019, a true and correct copy of the foregoing was filed with the Clerk of Broward County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system:   Rachelle R. Bocksch, Esq., Rosenberg & Rosenberg, P.A., litigation2@rrpalaw.com;jneira@rrpalaw.com, 2501 Hollywood Boulevard, Suite 110, Hollywood, FL 33020, (954) 963-0444/(954) 963-1758 (F), JOANNA PARRISH.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant VICTORIA'S SECRET STORES, LLC.*
110 Tower
110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone (954) 703-3763
Facsimile (954) 703-3701
Primary e-mail: patrick.mccardle@csklegal.com
Secondary e-mail: annette.habersham@csklegal.com

By:   s/ Patrick C McCardle
        PATRICK C MCCARDLE
        Florida Bar No.: 99042

3131.0331-00/13306785

Case 0:21-cv-61470-RAR   Document 1-2   Entered on FLSD Docket 07/20/2021   Page 41 of 183

Filing # 86167463 E-Filed 03/11/2019 12:25:57 PM
Case 0:19-cv-62508-XXXX   Document 1-1   Entered on FLSD Docket 10/08/2019   Page 40 of 88

IN THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE19-004284

JOANNA PARRISH,

     Plaintiff,

v.

VICTORIA'S SECRET STORES, LLC.,

     Defendant.

_____/

## DEFENDANT'S FIRST REQUEST FOR ADMISSIONS

Defendant, VICTORIA'S SECRET STORES, LLC. , (hereinafter "Defendant") by and through the undersigned counsel, hereby serves JOANNA PARRISH (hereinafter "Plaintiff") to respond to the following Request for Admissions pursuant to Florida Rule of Civil Procedure 1.370:

1. Your earning capacity was not reduced as a result of the Defendant's alleged actions as set forth in the Complaint.

2. Your earning capacity was not impaired as a result of the Defendant's alleged actions as set forth in the Complaint.

3. You did not lose any wages or income as a result of the Defendant's alleged actions as set forth in the Complaint.

4. You did not sustain any permanent injuries as a result of the Defendant's alleged actions as set forth in the Complaint

5. You sustained no permanent scarring as a result of the Defendant's alleged actions as set forth in the Complaint.

6. You received no significant scarring as a result of the Defendant's alleged actions as set forth in the Complaint.

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER · 110 S.E. 6TH STREET, SUITE 2700 · FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

CASE NO.: CACE 18-027643 (14)

7.     No medical provider has expressed a medical opinion that you have sustained a permanent injury as a result of the Defendant's alleged actions as set forth in the Complaint.

8.     No medical provider has expressed a medical opinion that you have sustained a permanent scar(s) as a result of the Defendant's alleged actions as set forth in the Complaint.

9.     Your ability to enjoy life has not been reduced as a result of the Defendant's alleged actions as set forth in the Complaint.

10.    The injuries you are claiming damages for as a result of the Defendant's alleged actions as set forth in the Complaint pre-existed the date of the alleged incident.

11.    You never requested any assistance of any kind from any of the Defendant's personnel after the alleged incident took place as set forth in the Complaint.

12.    You have photographs evidencing the alleged injuries.

13.    You consumed alcoholic beverages and/or took any drugs or medications within twelve (12) hours before the time of the incident alleged in the Complaint.

14.    If any recovery is awarded against the Defendant, that said award shall be reduced by the value of any collateral source paid and/or payable to Plaintiff as set forth in Florida Statute Section 768.76.

15.    You were not Defendant's business invitee as set forth in greater detail in your Complaint.

16.    You did not seek the assistance of any medical provider for over 24 hours following the incident described in your Complaint.

17.    You did not seek any medical assistance, of any kind, for any of the injuries you are claiming damages for, as set forth in your Complaint, within 24 hours of the incident described in your complaint.

18.    Any injury you allegedly sustained at the Defendant's premises on the date set forth in your Complaint has completely healed.

19.    You no longer experience any pain as a result of any injury you sustained on the date set forth in your Complaint.

COLE, SCOTT & KISSANE, P.A.
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700 - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

CASE NO.: CACE 18-027643 (14)

20. You are currently disabled.

21. You do not currently have gainful employment.

22. There was a reasonably alternative route available so as to avoid the allegedly dangerous condition as set forth in the Complaint.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of March, 2019, a true and correct copy of the foregoing was filed with the Clerk of Broward County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system:   Rachelle R. Bocksch, Esq., Rosenberg & Rosenberg, P.A., litigation2@rrpalaw.com;jneira@rrpalaw.com, 2501 Hollywood Boulevard, Suite 110, Hollywood, FL 33020, (954) 963-0444/(954) 963-1758 (F), JOANNA PARRISH.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant VICTORIA'S SECRET STORES, LLC.*
110 Tower
110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone (954) 703-3763
Facsimile (954) 703-3701
Primary e-mail: patrick.mccardle@csklegal.com
Secondary e-mail: annette.habersham@csklegal.com

By:  s/ Patrick C McCardle
PATRICK C MCCARDLE
Florida Bar No.:  99042

3131.0331-00/13306785

IN THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE19-004284

JOANNA PARRISH,

     Plaintiff,

v.

VICTORIA'S SECRET STORES, LLC.,

     Defendant.

_____/

## NOTICE OF SERVICE OF DEFENDANT'S
## FIRST SET OF INTERROGATORIES TO PLAINTIFF

The Defendant, VICTORIA'S SECRET STORES, LLC., through undersigned counsel, notifies this Court and counsel of record that it has served its first set of Interrogatories upon Plaintiff to be answered under oath in writing within thirty (30) days, in accordance with the Florida Rules of Civil Procedure.

[CERTIFICATE OF SERVICE ON NEXT PAGE]

Page 1
**COLE, SCOTT & KISSANE, P.A.**
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700 - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

CASE NO.: CACE 18-027643 (14)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of March, 2019, a true and correct copy of the foregoing was filed with the Clerk of Broward County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system: Rachelle R. Bocksch, Esq., Rosenberg & Rosenberg, P.A., litigation2@rrpalaw.com;jneira@rrpalaw.com, 2501 Hollywood Boulevard, Suite 110, Hollywood, FL 33020, (954) 963-0444/(954) 963-1758 (F), Attorney for Plaintiff, Joanna Parrish.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant VICTORIA'S SECRET STORES, LLC.*
110 Tower
110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone (954) 703-3763
Facsimile (954) 703-3701
Primary e-mail: patrick.mccardle@csklegal.com
Secondary e-mail: annette.habersham@csklegal.com

By:   s/ Patrick C McCardle
      PATRICK C MCCARDLE
      Florida Bar No.:  99042

3131.0331-00/13305754

Case 0:21-cv-61470-RAR   Document 1-2   Entered on FLSD Docket 07/20/2021   Page 46 of 183

Filing # 86167463 E-Filed 03/11/2019 12:25:57 PM
Case 0:19-cv-62508-XXXX   Document 1-1   Entered on FLSD Docket 10/08/2019   Page 45 of 88

IN THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE19-004284

JOANNA PARRISH,

    Plaintiff,

v.

VICTORIA'S SECRET STORES, LLC.,

    Defendant.

_____/

### NOTICE OF APPEARANCE AND
### DESIGNATION OF E-MAIL ADDRESSES

    Jami L. Gursky, Esq. and Patrick C. McCardle, Esq. of COLE, SCOTT & KISSANE, P.A. hereby give notice of their appearance on behalf of Defendant, VICTORIA'S SECRET STORES, LLC., and requests that copies of all motions, notices, and other pleadings heretofore or hereafter filed or served in this cause be furnished to the undersigned. Further, pursuant to Florida Rule of Judicial Administration 2.516, the undersigned hereby designates the following primary and secondary e-mail addresses for mail service in the above referenced case.

        Primary e-mail:    jami.gursky@csklegal.com
        Secondary e-mail:  patrick.mccardle@csklegal.com
        Alternate e-mail:  annette.habersham@csklegal.com

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 11th day of March, 2019, a true and correct copy of the foregoing was filed with the Clerk of Broward County by using the Florida Courts

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700 - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

CASE NO.: CACE19-004284

e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system: Rachelle R. Bocksch, Esq., Rosenberg & Rosenberg, P.A., litigation2@rrpalaw.com;jneira@rrpalaw.com, 2501 Hollywood Boulevard, Suite 110, Hollywood, FL 33020, (954) 963-0444/(954) 963-1758 (F), Attorney for Plaintiff, Joanna Parrish.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant VICTORIA'S SECRET STORES, LLC.*
110 Tower
110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone (954) 703-3756
Facsimile (954) 703-3701
Primary e-mail: jami.gursky@csklegal.com
Secondary e-mail: patrick.mccardle@csklegal.com
Alternate e-mail: annette.habersham@csklegal.com

By:  s/ Patrick C McCardle
JAMI L. GURSKY
Florida Bar No.: 572926
PATRICK C MCCARDLE
Florida Bar No.: 99042

0429.0017-00/13307401

IN THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE19-004284

JOANNA PARRISH,

Plaintiff,

v.

VICTORIA'S SECRET STORES, LLC.,

Defendant.

_____/

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF

COMES NOW Defendant, VICTORIA'S SECRET STORES, LLC., (hereinafter "Defendant") by and through its undersigned counsel, propounds this Request for Production upon Plaintiff, pursuant to Rule 1.350, Florida Rules of Civil Procedure, to produce and permit the inspection and copying of the following documents, writings, and other data:

## DEFINITIONS AND INSTRUCTIONS FOR REQUEST FOR PRODUCTION

1.    You are instructed either to produce documents as they are kept in the usual course of business or to produce documents organized and labeled to correspond with the categories in this Request.   Documents are to be produced in full and unexpurgated form.

2.    This Request shall be deemed continuing so as to require further and supplemental production in the event that the party requested to produce, or any of its attorneys, agent's representatives, obtains or discovers additional information or documents between the time of the initial production and the time of hearing or trial.

3.    If you claim that any documents covered by this Request are withheld by reason of a claim of privilege, work product immunity or other ground of non-production:

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700  - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

CASE NO.: CACE 18-027643 (14)

    a.    Identify its title and general subject matter;

    b.    State its date;

    c.    Identify its author(s);

    d.    Identify the person(s) for whom it was prepared or to whom it was sent;

    e.    State the nature of the privilege claim; and

    f.    State in detail each and every fact upon which you base your claim of privilege.

4.    If a portion of an otherwise responsive document contains information that is subject to a claim of privilege, only those portions of the document subject to the claim of privilege shall be deleted or redacted form the document and the rest of the document shall be produced.

5.    In the event that any document called for by this Request has been destroyed, lost, discarded or otherwise disposed of, each such document is to be identified as completely as possible, including, without limitation, the following information: author; recipient; sender; subject matter; date prepared or received; date of disposal; person currently in possession of the document; and the person disposing of the document.

6.    All objections to any category of documents to be produced pursuant to this Request or to any definition or instruction it contains shall be in writing and delivered to Plaintiffs' counsel within the time provided in the Florida Rules of Civil Procedure or at such other time as is agreed upon by the parties or ordered by this Court.

## DEFINITIONS

1.    "Document" as used herein shall be construed broadly to include all documents and things within the scope of the Florida Rules of Civil Procedure and refers to all writings or other graphic matter, as well as any other medium by which information is stored or recorded.  It includes originals, drafts, copies and reproductions; and it includes, without limiting the generality of the foregoing, letters; memoranda; reports and/or summaries of investigations; police reports; accident reports; opinions or reports of consultants; diagrams; marginal comments appearing on any documents;

-2-

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER · 110 S.E. 6TH STREET, SUITE 2700 · FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

CASE NO.: CACE 18-027643 (14)

accounts; telegrams; electronic mail (e-mail), studies; lists of persons attending meetings or conferences; records or memoranda of telephone conversations; written statements; transcripts or recorded statements; recorded statements; records of personal conversations or interviews; calculations; computations; specifications; drawings; advertisements; circulars; trade letters; press releases; prints; recordings; positive or negative films, slides or photographs; magnetic, electronic or video tapes; computer tapes, cards, printouts and/or other computer/data based information; and all other things of like nature; and any and all containers, boxes or other receptacles or repositories housing or containing such "documents."

2.      The term "communication" shall mean any transmission of information by any means, including, without limitation, by spoken language, written language, electronic transmission of data or any other means.  The term "communication" shall include, without limitation, any copies of written information received by the person or entity responding to this Request, even if such person or entity is not the primary or direct addressee of such written information.

3.      The term "referring" or "relating" shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

4.      "You" and "your" refers to JOANNA PARRISH, and its affiliates, partners, employees, agents and representatives.

5.      "And" and "or" shall be construed conjunctively or disjunctively as necessary to make each request herein inclusive rather than exclusive.  "Include(s)" and "including" shall be constructed to mean "without limitation."

6.      "Person" means any natural person, firm, corporation, partnership, proprietorship, joint venture, organization, trust, group of natural persons or other association separately identifiable, whether or not such an association has a separate juridical existence in its own right.

7.      When used in references to an individual person, "identify" or "identity" means to state his or her full name, date of birth, Social Security Number and present or last known address and telephone number, and contemporaneous or last known position and business affiliation at the time in question.  When used in reference to a

CASE NO.: CACE 18-027643 (14)

business organization or entity other than an individual, "identify" or "identity" means to state its full name, its principal business address, and the nature of the organization (e.g., corporation, partnership). When used in reference to a document, "identify" or "identity" means to set forth its date, author, designated and actual recipients, type of document (e.g., report, memorandum), number of pages and the identity (as defined above) of its present or last known custodian.'

8.      "Contract documents" shall mean all architectural plans and specifications, details, shop drawings, manufacturers data and/or cut sheets and samples. When a request is directed to the "contract documents", the answer should specify the numbered sheet and detail on any approved plan and/or shop drawing. Where the answer calls for a specification, the specification section and sub-sections should be identified. Where manufacturer's and/or product literature becomes part of the "contract documents", the addition date of the manufacturer's data or cut sheet should be noted along with the specific detail that is relied upon. "Contract documents" also refer to all contracts and specific provisions therein.

9.      When used in terms of documents, the term "describe" shall mean identify the document by document name or title, name and address of preparer of the document, name and address of recipient of the document and the date of the document. If the document is a plan, the plan should be identified by date with all revision dates, the name of person or firm that signed the plan, the plan sheet number, and any detail, by number and title that appears on the plan sheet.

When the term "describe" refers to specifications, the specific specification section and subsection should be described.

When the term "describe" refers to product literature, the date on the project literature as well as its title and any section or subsections thereof should be provided.

COLE, SCOTT & KISSANE, P.A.
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700 - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

CASE NO.: CACE 18-027643 (14)

## DOCUMENTS TO BE PRODUCED

1. All statements, written or recorded, taken from the parties (or any witnesses) pertaining to the accident in question.

2. All graphs, videos, charts, news clippings, and other documenting evidence relating to the incident in question.

3. All documents that you relied upon in answering the interrogatories served on you in this action.

4. All bills or statements for medical treatment, medications or other related items, the cost of which is claimed to have been incurred by the Plaintiff as a result of the injuries allegedly sustained in this case.

5. Copies of Plaintiff's federal income tax returns for all years for which income tax returns were filed beginning 5 years before the incident in question and up to the present.

6. Proof of all earned income and proof of all non-earned income for any year that a federal income tax return has not been filed for the five years before the date of the incident up to the present for Plaintiff.

7. Any and all records of hospitals in which the Plaintiff has been a patient or received treatment allegedly as a result of the accident here involved; or, in the alternative, written authorization to obtain same.

8. Any and all photographs taken by the Plaintiff, Plaintiff's attorneys, investigators, agents, servants, or employees, after the incident referred to in the Complaint, which are in any manner related to the subject matter of this lawsuit.

9. Copies of all medical reports received by Plaintiff, Plaintiff's attorneys, investigators, agents, servants, or employees, from any doctors, physicians, or anyone else who has rendered treatment to the Plaintiff for injuries allegedly incurred as a result of the accident which is the subject matter of this lawsuit.

10. Copies of all medical reports received by Plaintiff, Plaintiff's attorneys, investigators, agents, servants or employees, from any doctor, physician, or member of the healing arts who has examined Plaintiff's physical or mental condition subsequent to the accident which is the subject matter of this lawsuit, and who may be called as a witness on behalf of the Plaintiffs at the trial of this cause.

COLE, SCOTT & KISSANE, P.A.
110 TOWER · 110 S.E. 6TH STREET, SUITE 2700 · FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

CASE NO.: CACE 18-027643 (14)

11. All written statements by the Defendant concerning this action or its subject matter or a stenographic, mechanical, electrical, or other recording or transcription of a statement that is a substantial verbatim recital of an oral statement.

12. Copies of any and all documents evidencing payments from any collateral source or med pay coverage paid on your behalf for medical expenses.

13. Copies of any and all documents evidencing payments from any collateral source paid on your behalf for lost income.

14. Copies of any and all documents reflecting the notices required under §768.76(6) or statements asserting a right of subrogation or reimbursement pursuant to §768.76(7).

15. Produce any and all clothes/clothing items, including, but not limited to, Plaintiff's shoes, that he was wearing at the time of the alleged fall.

16. Copies of any and all reports prepared by any expert you anticipate calling at the time of trial.

17. All incident reports filed by Plaintiff for any purpose, including, but not limited to, reports to employer and/or insurance company regarding the incident, if applicable, and/or any other reports filled out by Plaintiffs.

18. Copies of the most recent and updated CV and/or resume of any expert you anticipate calling at the time of trial.

19. Laser, color copies of the front and back of the Plaintiff's driver's licenses or identification cards if the Plaintiff is not a licensed drivers.

20. Please provide a color copy of Plaintiff's entire current passport (cover to cover).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of March, 2019, a true and correct copy of the foregoing was filed with the Clerk of Broward County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system: Rachelle R. Bocksch, Esq.,

COLE, SCOTT & KISSANE, P.A.
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700 - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

CASE NO.: CACE 18-027643 (14)

Rosenberg & Rosenberg, P.A., litigation2@rrpalaw.com;jneira@rrpalaw.com, 2501

Hollywood Boulevard, Suite 110, Hollywood, FL 33020, (954) 963-0444/(954) 963-1758

(F), Attorney for Plaintiff, Joanna Parrish.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant VICTORIA'S SECRET
STORES, LLC.*
110 Tower
110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone (954) 703-3763
Facsimile (954) 703-3701
Primary e-mail: patrick.mccardle@csklegal.com
Secondary e-mail: annette.habersham@csklegal.com

By:   s/ Patrick C McCardle
      PATRICK C MCCARDLE
      Florida Bar No.:  99042

3131.0331-00/13306706

Case 0:19-cv-62508-XXXX   Document 1-1   Entered on FLSD Docket 10/08/2019   Page 54 of 88

IN THE SEVENTEENTH JUDICIAL
CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

CASE NO.: CACE19-004284

JOANNA PARRISH,

    Plaintiff,

v.

VICTORIA'S SECRET STORES, LLC.,

    Defendant.

_____/

## NOTICE OF PRODUCTION FROM NON-PARTIES

**YOU ARE NOTIFIED** that after ten (10) days from the date of service of this

Notice, if service is by delivery, or fifteen (15) days from the date of service, if service is

by mail, and if no objection is received from any party, the undersigned will issue or

apply to the Clerk of this Court for issuance of the attached subpoenas for production

from non-parties as listed below:

1. State of Florida (WC)

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN, CLERK 3/19/2019 12:01:09 PM.****

CASE NO.: CACE19-004284

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of March, 2019, a true and correct copy of the foregoing was filed with the Clerk of Broward County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system: Rachelle R. Bocksch, Esq., Rosenberg & Rosenberg, P.A., litigation2@rrpalaw.com;jneira@rrpalaw.com, 2501 Hollywood Boulevard, Suite 110, Hollywood, FL 33020, (954) 963-0444/(954) 963-1758 (F), Attorney for Plaintiff, Joanna Parrish.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant VICTORIA'S SECRET STORES, LLC.*
110 Tower
110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone (954) 703-3763
Facsimile (954) 703-3701
Primary e-mail: patrick.mccardle@csklegal.com
Secondary e-mail: annette.habersham@csklegal.com

By:   s/ Patrick C McCardle
PATRICK C MCCARDLE
Florida Bar No.: 99042

3131.0331-00/13305754

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

JOANNA PARRISH,

GENERAL JURISDICTION DIVISION

     Plaintiff,

CASE NO: CACE-19-004284

v.

VICTORIA'S SECRET STORES, LLC.,

_____Defendant._____/

## PLAINTIFF'S REQUEST FOR COPIES

COMES NOW, the Plaintiff, JOANNA PARRISH, by and through her undersigned attorney and hereby requests the Defendant, VICTORIA'S SECRET STORES, LLC., to furnish copies of any and all documents obtained under its Notice of Production from Non-Party directed to the following Record Custodians:

1.    State of Florida (WC)

**This request is made pursuant to Florida Rule of Civil Procedure 1.351(e).**

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was furnished by electronic service on **March 20, 2019** to: Patrick C. McCardle, Esq., Cole, Scott & Kissane, P.A. 110 SE 6th Street, Suite 2700, Fort Lauderdale, Fl 33301. Patrick.mccardle@csklegal.com.

ROSENBERG & ROSENBERG, P.A.
Attorneys for Plaintiff
2501 Hollywood Blvd., Suite 110
Hollywood, FL 33020
(954) 963-0444
Service of Documents: litigation2@rrpalaw.com
Gen. Communications: RBocksch@rrpalaw.com

*Rachelle Bocksch*

BY: _____
    RACHELLE BOCKSCH, ESQ.
    FBN: 151823

Case 0:19-cv-62508-XXXX Document 1-10 Entered on FLSD Docket 10/08/2019 Page 58 of 88

## IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

Joanna Parrish,

                              Plaintiff,

vs.

Victoria's Secret Stores, LLC,

                              Defendant.

Case No: CACE-19-004284

Division: 25

Judge: The Hon. Carol-Lisa Phillips

## DEFENDANT VICTORIA'S SECRET STORES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Defendant Victoria's Secret Stores, LLC ("VSS"), in answer to Plaintiff's Complaint in the above titled matter, admits, denies, and alleges as follows:

## GENERAL ALLEGATIONS

1.    Defendant admits Plaintiff seeks the relief set forth in Paragraph 1 of Plaintiff's Complaint, but denies that Plaintiff is entitled to any such relief.

2.    VSS is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of Plaintiff's Complaint and therefore denies the same.

3.    VSS admits only that it is registered to transact business in the state of Florida. VSS denies the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.    VSS denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.    VSS admits only VSS operates a store at 2414 East Sunrise Boulevard, Fort Lauderdale, Florida. The remaining allegations contained in Paragraph 5 of Plaintiff's Complaint contain conclusions of law to which no response is required, but to the extent a response is required, VSS denies the same.

6.      VSS is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of Plaintiff's Complaint, and therefore denies the same.

## COUNT I

VSS repeats its answers offset forth in Paragraphs 1 through 6 above as if fully set forth herein.

7.      VSS denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      VSS denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.      VSS denies the allegations contained in Paragraph 9 of Plaintiff's.

10.     VSS denies the allegations in contained Paragraph 10 of Plaintiff's Complaint.

11.     VSS denies the allegations in contained Paragraph 11 of Plaintiff's Complaint.

12.     VSS denies the allegations in contained Paragraph 12 of Plaintiff's Complaint.

13.     VSS denies the allegations in contained Paragraph 13 of Plaintiff's Complaint.

14.     VSS denies the allegations contained in Paragraph 14 Plaintiff's Complaint.

15.     VSS denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.     VSS denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     VSS denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     VSS denies the allegations contained in Paragraph 18 Plaintiff's Complaint.

WHEREFORE, Defendant Victoria's Secret Stores, LLC, requests judgment in its favor and against Plaintiff Joanna Parrish, plus costs and for such other and further relief as the Courts deems necessary and just.

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses to Plaintiff's Complaint, Victoria's Secret Stores, LLC states as follows:

COLE, SCOTT & KISSANE, PA
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700 - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

## FIRST AFFIRMATIVE DEFENSE

At the time and place alleged in Plaintiff's Complaint, it was Plaintiff's duty to exercise ordinary care for her own safety.

## SECOND AFFIRMATIVE DEFENSE

Without admitting liability, Plaintiff's injuries, if any, were the result of injury by a third party over whom VSS had no control.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate her damages as required under Florida law and any such recovery should be proportionately reduced as a result of that failure.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are limited by the applicable statute of limitations and/or repose.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to state a claim upon which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by res judicata, judicial estoppel, and/or the Doctrine of Unclean Hands.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries are solely or in greater part a result of her own negligence.

## EIGHT AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or substantially reduced because of Plaintiff's negligence and said negligence either directly caused or substantially contributed to the alleged injuries and damages.

COLE, SCOTT & KISSANE, P.A.
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700 - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

### NINTH AFFIRMATIVE DEFENSE

Without admitting liability, Plaintiff's injuries, if any, were the result of an open and obvious condition.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as VSS was not negligent or careless in the operation of its Store in question, in any manner.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as the subject premises was not in a hazardous, defective, or dangerous condition, and did not jeopardize the safety of Plaintiff as a licensee on the premises.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, or in the alternative, are subject to reduction to the extent that such injuries and damages were compensated or are subject to compensation by collateral sources. In addition, Plaintiff is not entitled to seek recovery for medical bills which have been written off by their providers.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's alleged injuries are the proximate cause of the Plaintiff's negligence by, but not limited to, either not being careful and/or failing to watch where she was walking. Therefore, the Plaintiff's recovery, if any, must be proportionately diminished in accordance with the Comparative Negligence Doctrine. *Hoffman v. Jones*, 280 So. 2d 431 (Fla. 1973).

### FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiff had actual or constructive knowledge of the allegedly dangerous condition, which was equal to or greater than VSS' knowledge of said condition, wherefore and under these circumstances, VSS is not liable.

4

### FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiff knew of the existence of the danger complained of, realized and appreciated the possibility of injury as a result of the danger and having a reasonable opportunity to avoid it, voluntarily exposed herself to the danger.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by workers' compensation immunity pursuant to the statutory protection from suit contained in §440.11, Fla. Stat.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The complained of condition(s) were open and obvious to the Plaintiff.  Therefore, VSS is without fault, culpability and/or negligence.

### EIGHTEENTH AFFIRMATIVE DEFENSE

There was an alternative route which was available as a reasonably safe alternative path that the Plaintiff using ordinary prudence, should have taken to avoid a dangerous condition that was open and obvious.

### NINETEENTH AFFIRMATIVE DEFENSE

In the event an eventual verdict is obtained and subsequent judgment is entered as to make applicable Florida Statute § 768.81, VSS is entitled to the benefits and protection of said statute to include, but not be limited to, entry of a judgment to be based only upon the percentage of fault of VSS and not that of any unidentified *Fabre* defendants.  VSS reserves the right to name *Fabre* defendants.

5

COLE, SCOTT & KISSANE, PA
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700 - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

### TWENTIETH AFFIRMATIVE DEFENSE

VSS specifically denies that the medical treatment, including any diagnostic studies, incurred by the Plaintiff after the accident was reasonable, related, or necessary as the result of the accident in question, and demands strict proof thereof.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

VSS specifically denies that it was on notice or aware of any dangerous or unsafe conditions; accordingly, VSS cannot be held liable, as a matter of law, for failing to warn Plaintiff of any dangerous conditions, or to otherwise remedy any alleged dangerous condition.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

In the event a verdict is obtained and subsequent judgment entered so as to make applicable Florida Statute § 768.81, VSS is entitled to the benefits and protection of said statute, to include, but not be limited to, entry of judgment based only upon the percentage of fault of this answering Defendant.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

VSS requests a reduction in outstanding medical bills claims, pursuant to *Goble v. Frohman, 901 So. 2d 830 (Fla.2005) and Thyssenkrupp Elevator Corp. v. Lasky. 868 So. 2d 547 (Fla. 4th DCA 2003)* for any amounts accepted by the medical provider in satisfaction of the face value, as paid by collateral sources.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Investigation and discovery are continuing and VSS reserves the right to amend this Answer to add additional defenses and/or affirmative defenses, or to correct any responses in the Answer once the facts have become fully known.

COLE, SCOTT & KISSANE, PA
110 TOWER - 110 S.F. 6TH STREET. SUITE 2700 - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3766 (954) 703-3701 FAX

WHEREFORE, Victoria's Secret Stores requests judgment be entered in its favor and against Plaintiff along with the costs and fees of this litigation and such other relief as the Court deems just and necessary.

Respectfully submitted,

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant VICTORIA'S SECRET STORES, LLC*
110 Tower
110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone (954) 703-3763
Facsimile (954) 703-3701
Primary e-mail: patrick.mccardle@csklegal.com
Secondary e-mail: annette.habersham@csklegal.com
By: /s/ Patrick C McCardle
PATRICK C. MCCARDLE
Florida Bar No.: 99042

COLE, SCOTT & KISSANE, PA
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700 - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of April 2019, a true and correct copy of the foregoing was filed with the Clerk of Broward County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system:

Rachelle Bocksch
Rosenberg & Rosenberg, PA
2501 Hollywood Boulevard, Suite 110
Hollywood, FL 33020
*Attorney for Plaintiff*

s/Patrick C. McCardle
Patrick C. McCardle
*Attorney for Defendant*

8

COLE, SCOTT & KISSANE, PA
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700 - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

IN THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE19-004284

JOANNA PARRISH,

     Plaintiff,

v.

VICTORIA'S SECRET STORES, LLC.,

     Defendant.

_____/

## DEFENDANT'S FIRST REQUEST FOR ADMISSIONS

Defendant, VICTORIA'S SECRET STORES, LLC. , (hereinafter "Defendant") by and through the undersigned counsel, hereby serves JOANNA PARRISH (hereinafter "Plaintiff") to respond to the following Request for Admissions pursuant to Florida Rule of Civil Procedure 1.370:

1. Your earning capacity was not reduced as a result of the Defendant's alleged actions as set forth in the Complaint.

2. Your earning capacity was not impaired as a result of the Defendant's alleged actions as set forth in the Complaint.

3. You did not lose any wages or income as a result of the Defendant's alleged actions as set forth in the Complaint.

4. You did not sustain any permanent injuries as a result of the Defendant's alleged actions as set forth in the Complaint

5. You sustained no permanent scarring as a result of the Defendant's alleged actions as set forth in the Complaint.

6. You received no significant scarring as a result of the Defendant's alleged actions as set forth in the Complaint.

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700 - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

CASE NO.: CACE 18-027643 (14)

7.   No medical provider has expressed a medical opinion that you have sustained a permanent injury as a result of the Defendant's alleged actions as set forth in the Complaint.

8.   No medical provider has expressed a medical opinion that you have sustained a permanent scar(s) as a result of the Defendant's alleged actions as set forth in the Complaint.

9.   Your ability to enjoy life has not been reduced as a result of the Defendant's alleged actions as set forth in the Complaint.

10.  The injuries you are claiming damages for as a result of the Defendant's alleged actions as set forth in the Complaint pre-existed the date of the alleged incident.

11.  You never requested any assistance of any kind from any of the Defendant's personnel after the alleged incident took place as set forth in the Complaint.

12.  You have photographs evidencing the alleged injuries.

13.  You consumed alcoholic beverages and/or took any drugs or medications within twelve (12) hours before the time of the incident alleged in the Complaint.

14.  If any recovery is awarded against the Defendant, that said award shall be reduced by the value of any collateral source paid and/or payable to Plaintiff as set forth in Florida Statute Section 768.76.

15.  You were not Defendant's business invitee as set forth in greater detail in your Complaint.

16.  You did not seek the assistance of any medical provider for over 24 hours following the incident described in your Complaint.

17.  You did not seek any medical assistance, of any kind, for any of the injuries you are claiming damages for, as set forth in your Complaint, within 24 hours of the incident described in your complaint.

18.  Any injury you allegedly sustained at the Defendant's premises on the date set forth in your Complaint has completely healed.

19.  You no longer experience any pain as a result of any injury you sustained on the date set forth in your Complaint.

COLE, SCOTT & KISSANE, P.A.
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700  - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

CASE NO.: CACE 18-027643 (14)

20.   You are currently disabled.

21.   You do not currently have gainful employment.

22.   There was a reasonably alternative route available so as to avoid the allegedly dangerous condition as set forth in the Complaint.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of March, 2019, a true and correct copy of the foregoing was filed with the Clerk of Broward County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system:   Rachelle R. Bocksch, Esq., Rosenberg & Rosenberg, P.A., litigation2@rrpalaw.com;jneira@rrpalaw.com, 2501 Hollywood Boulevard, Suite 110, Hollywood, FL 33020, (954) 963-0444/(954) 963-1758 (F), JOANNA PARRISH.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant VICTORIA'S SECRET STORES, LLC.*
110 Tower
110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone (954) 703-3763
Facsimile (954) 703-3701
Primary e-mail: patrick.mccardle@csklegal.com
Secondary e-mail: annette.habersham@csklegal.com

By:   s/ Patrick C McCardle
PATRICK C MCCARDLE
Florida Bar No.: 99042

3131.0331-00/13306785

IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

Joanna Parrish,

                        Plaintiff,

vs.

Victoria's Secret Stores, LLC,

                        Defendant.

Case No: CACE-19-004284

Division: 25

Judge: The Hon. Carol-Lisa Phillips

## DEFENDANT VICTORIA'S SECRET STORES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Defendant Victoria's Secret Stores, LLC ("VSS"), in answer to Plaintiff's Complaint in the above titled matter, admits, denies, and alleges as follows:

### GENERAL ALLEGATIONS

1.    Defendant admits Plaintiff seeks the relief set forth in Paragraph 1 of Plaintiff's Complaint, but denies that Plaintiff is entitled to any such relief.

2.    VSS is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of Plaintiff's Complaint and therefore denies the same.

3.    VSS admits only that it is registered to transact business in the state of Florida. VSS denies the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.    VSS denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.    VSS admits only VSS operates a store at 2414 East Sunrise Boulevard, Fort Lauderdale, Florida. The remaining allegations contained in Paragraph 5 of Plaintiff's Complaint contain conclusions of law to which no response is required, but to the extent a response is required, VSS denies the same.

6.      VSS is without sufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of Plaintiff's Complaint, and therefore denies the same.

## COUNT I

VSS repeats its answers offset forth in Paragraphs 1 through 6 above as if fully set forth herein.

7.      VSS denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      VSS denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.      VSS denies the allegations contained in Paragraph 9 of Plaintiff's.

10.     VSS denies the allegations in contained Paragraph 10 of Plaintiff's Complaint.

11.     VSS denies the allegations in contained Paragraph 11 of Plaintiff's Complaint.

12.     VSS denies the allegations in contained Paragraph 12 of Plaintiff's Complaint.

13.     VSS denies the allegations in contained Paragraph 13 of Plaintiff's Complaint.

14.     VSS denies the allegations contained in Paragraph 14 Plaintiff's Complaint.

15.     VSS denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.     VSS denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     VSS denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     VSS denies the allegations contained in Paragraph 18 Plaintiff's Complaint.

WHEREFORE, Defendant Victoria's Secret Stores, LLC, requests judgment in its favor and against Plaintiff Joanna Parrish, plus costs and for such other and further relief as the Courts deems necessary and just.

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses to Plaintiff's Complaint, Victoria's Secret Stores, LLC states as follows:

COLE, SCOTT & KISSANE, PA
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700 - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

## FIRST AFFIRMATIVE DEFENSE

At the time and place alleged in Plaintiff's Complaint, it was Plaintiff's duty to exercise ordinary care for her own safety.

## SECOND AFFIRMATIVE DEFENSE

Without admitting liability, Plaintiff's injuries, if any, were the result of injury by a third party over whom VSS had no control.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate her damages as required under Florida law and any such recovery should be proportionately reduced as a result of that failure.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are limited by the applicable statute of limitations and/or repose.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to state a claim upon which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by res judicata, judicial estoppel, and/or the Doctrine of Unclean Hands.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries are solely or in greater part a result of her own negligence.

## EIGHT AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or substantially reduced because of Plaintiff's negligence and said negligence either directly caused or substantially contributed to the alleged injuries and damages.

COLE, SCOTT & KISSANE, PA
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700 - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

### NINTH AFFIRMATIVE DEFENSE

Without admitting liability, Plaintiff's injuries, if any, were the result of an open and obvious condition.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as VSS was not negligent or careless in the operation of its Store in question, in any manner.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as the subject premises was not in a hazardous, defective, or dangerous condition, and did not jeopardize the safety of Plaintiff as a licensee on the premises.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, or in the alternative, are subject to reduction to the extent that such injuries and damages were compensated or are subject to compensation by collateral sources. In addition, Plaintiff is not entitled to seek recovery for medical bills which have been written off by their providers.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's alleged injuries are the proximate cause of the Plaintiff's negligence by, but not limited to, either not being careful and/or failing to watch where she was walking. Therefore, the Plaintiff's recovery, if any, must be proportionately diminished in accordance with the Comparative Negligence Doctrine. *Hoffman v. Jones*, 280 So. 2d 431 (Fla. 1973).

### FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiff had actual or constructive knowledge of the allegedly dangerous condition, which was equal to or greater than VSS' knowledge of said condition, wherefore and under these circumstances, VSS is not liable.

4

## FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiff knew of the existence of the danger complained of, realized and appreciated the possibility of injury as a result of the danger and having a reasonable opportunity to avoid it, voluntarily exposed herself to the danger.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by workers' compensation immunity pursuant to the statutory protection from suit contained in §440.11, Fla. Stat.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The complained of condition(s) were open and obvious to the Plaintiff. Therefore, VSS is without fault, culpability and/or negligence.

## EIGHTEENTH AFFIRMATIVE DEFENSE

There was an alternative route which was available as a reasonably safe alternative path that the Plaintiff using ordinary prudence, should have taken to avoid a dangerous condition that was open and obvious.

## NINETEENTH AFFIRMATIVE DEFENSE

In the event an eventual verdict is obtained and subsequent judgment is entered as to make applicable Florida Statute § 768.81, VSS is entitled to the benefits and protection of said statute to include, but not be limited to, entry of a judgment to be based only upon the percentage of fault of VSS and not that of any unidentified *Fabre* defendants. VSS reserves the right to name *Fabre* defendants.

5

COLE, SCOTT & KISSANE, PA
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700 - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

### TWENTIETH AFFIRMATIVE DEFENSE

VSS specifically denies that the medical treatment, including any diagnostic studies, incurred by the Plaintiff after the accident was reasonable, related, or necessary as the result of the accident in question, and demands strict proof thereof.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

VSS specifically denies that it was on notice or aware of any dangerous or unsafe conditions; accordingly, VSS cannot be held liable, as a matter of law, for failing to warn Plaintiff of any dangerous conditions, or to otherwise remedy any alleged dangerous condition.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

In the event a verdict is obtained and subsequent judgment entered so as to make applicable Florida Statute § 768.81, VSS is entitled to the benefits and protection of said statute, to include, but not be limited to, entry of judgment based only upon the percentage of fault of this answering Defendant.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

VSS requests a reduction in outstanding medical bills claims, pursuant to *Goble v. Frohman*, 901 So. 2d 830 (Fla.2005) and *Thyssenkrupp Elevator Corp. v. Lasky*, 868 So. 2d 547 (Fla. 4th DCA 2003) for any amounts accepted by the medical provider in satisfaction of the face value, as paid by collateral sources.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Investigation and discovery are continuing and VSS reserves the right to amend this Answer to add additional defenses and/or affirmative defenses, or to correct any responses in the Answer once the facts have become fully known.

COLE, SCOTT & KISSANE, PA
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700 - FT LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

WHEREFORE, Victoria's Secret Stores requests judgment be entered in its favor and against Plaintiff along with the costs and fees of this litigation and such other relief as the Court deems just and necessary.

Respectfully submitted,

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant VICTORIA'S SECRET STORES, LLC*
110 Tower
110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone (954) 703-3763
Facsimile (954) 703-3701
Primary e-mail: patrick.mccardle@csklegal.com
Secondary e-mail: annette.habersham@csklegal.com
By: /s/ Patrick C McCardle
PATRICK C. MCCARDLE
Florida Bar No.: 99042

COLE, SCOTT & KISSANE, PA
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700 - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of April 2019, a true and correct copy of the

foregoing was filed with the Clerk of Broward County by using the Florida Courts e-Filing

Portal, which will send an automatic e-mail message to the following parties registered with the e-

Filing Portal system:

Rachelle Bocksch
Rosenberg & Rosenberg, PA
2501 Hollywood Boulevard, Suite 110
Hollywood, FL 33020
*Attorney for Plaintiff*

s/Patrick C. McCardle
Patrick C. McCardle
*Attorney for Defendant*

8

COLE, SCOTT & KISSANE, PA
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700 - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

JOANNA PARRISH,

       Plaintiff,

CASE NO: CACE 19-004284

vs.

VICTORIA'S SECRET STORES, LLC.,

       Defendant.

                           /

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME

**COMES NOW**, the Plaintiff, JOANNA PARRISH, by and through her undersigned attorney and hereby files this, her Motion for Extension of Time and as grounds would therefore state as follows:

1.    That Defendant on or about March 11, 2019, propounded Interrogatories, Request for Admissions and Request for Production.

2.    The undersigned has been unable to meet with Plaintiff to finalize discovery.

3.    This case is not set for trial.

4.    This Motion is not made for the purposes of delay.

5.    Neither party will be prejudiced by the granting of this Motion.

**WHEREFORE**, the Plaintiff respectfully requests that the Court to Grant the instant motion and provide the Plaintiff an additional five (5) days in which to answer the foregoing discovery.

1

I **HEREBY CERTIFY** that a copy of the foregoing has been furnished by electronic service on May 24, 2019 to: Patrick McCardle, Esq., Cole, Scott & Kissane, P.A., patrick.mccardle@csklegal.com; annette.habersham@csklegal.com.

ROSENBERG & ROSENBERG, P.A.
Attorneys for Plaintiff
2501 Hollywood Blvd., Suite 110
Hollywood, FL 33020
(954) 963-0444
Service of Documents: litigation2@rrpalaw.com
Gen. Communications: RBocksch@rrpalaw.com

BY:   *Rachelle Bocksch*
      RACHELLE BOCKSCH, ESQ.
      FBN: 151823

IN THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE19-004284

JOANNA PARRISH,

    Plaintiff,

v.

VICTORIA'S SECRET STORES, LLC.,

    Defendant.

_____/

## DEFENDANT'S MOTION FOR EXTENSION
## OF TIME TO RESPOND TO DISCOVERY

COMES NOW Defendant, VICTORIA'S SECRET STORES, LLC., (hereinafter "Defendant") by and through its undersigned counsel, hereby files this Motion for Extension of Time to Respond to Plaintiff's Interrogatories and Request for Admission, and as grounds therefore states as follows:

1.    Plaintiff served its Interrogatories, Request for Admission and Request for Production (hereinafter collectively referred to as "Discovery Requests") upon VICTORIA'S SECRET STORES, LLC.

2.    VICTORIA'S SECRET STORES, LLC. requests additional time to respond to said Discovery Requests.

3.    The purpose of this Motion is not for delay; it is for the interest of justice.

4.    The Plaintiff will not be prejudiced by the Court granting VICTORIA'S SECRET STORES, LLC.'S Motion for Extension of Time.

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700 - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

CASE NO.: CACE19-004284

WHEREFORE, Defendant, VICTORIA'S SECRET STORES, LLC., respectfully requests that this Honorable Court hereby grant an extension of time to respond to the Interrogatories and Request for Admission, and any other relief the Court deems just and reasonable.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of May, 2019, a true and correct copy of the foregoing was filed with the Clerk of Broward County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system: Rachelle R. Bocksch, Esq., Rosenberg & Rosenberg, P.A., litigation2@rrpalaw.com;jneira@rrpalaw.com, 2501 Hollywood Boulevard, Suite 110, Hollywood, FL 33020, (954) 963-0444/(954) 963-1758 (F), Attorney for Plaintiff, Joanna Parrish.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant VICTORIA'S SECRET STORES, LLC.*
110 Tower
110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone (954) 703-3763
Facsimile (954) 703-3701
Primary e-mail: patrick.mccardle@csklegal.com
Secondary e-mail: annette.habersham@csklegal.com

By: s/ Patrick C McCardle
PATRICK C MCCARDLE
Florida Bar No.: 99042

0429.0017-00/14329803

IN THE SEVENTEENTH JUDICIAL
CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

CASE NO.: CACE19-004284

JOANNA PARRISH,

     Plaintiff,

v.

VICTORIA'S SECRET STORES, LLC.,

     Defendant.

_____/

## DEFENDANT'S SECOND REQUEST FOR ADMISSIONS

Defendant, Victoria's Secret Stores, LLC, pursuant to Florida Rule of Civil Procedure 1.370, hereby propounds the following Second Request for Admissions on Plaintiff, to be fully answered under oath.

## DEFINITIONS

1.    As used herein, "you," "your," or "plaintiffs" means and refers to the Plaintiff, Joanna Parrish, her agents, servants, employees, attorneys, and any other person acting or purporting to act on her behalf.

2.    As used herein, "Store" means the Victoria's Secret store at 2414 East Sunrise Boulevard, Fort Lauderdale, FL 33304.

3.    All references to "the incident" contained in these requests refer to the alleged incident at the Store on October 25, 2015.

4.    The terms "all," "any," and "each" shall each be construed as encompassing any and all.

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER · 110 S.E. 6TH STREET, SUITE 2700 · FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

CASE NO.: CACE 18-027643 (14)

5.    The conjunctions "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

6.    The use of the singular form of any word includes the plural and vice versa.

## REQUESTS

### REQUEST FOR ADMISSION #23

The amount in controversy claimed by Plaintiff in this action does not exceed $75,000.00, exclusive of interest and costs. Admit or Deny?

**ANSWER:**

### REQUEST FOR ADMISSION #24

Plaintiff's alleged damages for her injuries sustained in the alleged incident are in excess of $75,000.00, exclusive of interest and costs. Admit or Deny?

**ANSWER:**

### REQUEST FOR ADMISSION #25

After the alleged incident, Plaintiff walked out of the Store without assistance. Admit or Deny?

**ANSWER:**

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700 - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

CASE NO.: CACE 18-027643 (14)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of May, 2019, a true and correct copy of the foregoing was filed with the Clerk of Broward County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system:  Rachelle R. Bocksch, Esq., Rosenberg & Rosenberg, P.A., litigation2@rrpalaw.com;jneira@rrpalaw.com, 2501 Hollywood Boulevard, Suite 110, Hollywood, FL 33020, (954) 963-0444/(954) 963-1758 (F), JOANNA PARRISH.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant VICTORIA'S SECRET*
*STORES, LLC.*
110 Tower
110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone (954) 703-3763
Facsimile (954) 703-3701
Primary e-mail: patrick.mccardle@csklegal.com
Secondary e-mail: annette.habersham@csklegal.com

By:  s/ Patrick C McCardle
PATRICK C MCCARDLE
Florida Bar No.:  99042

3131.0331-00/13306785

Filing # 90637401 E-Filed 06/05/2019 06:21:18 PM

Case 0:19-cv-62508-XXXX   Document 1-1   Entered on FLSD Docket 10/08/2019   Page 84 of 88

## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. <u>CACE19004284</u>   DIVISION <u>25</u>   JUDGE <u>Carol-lisa Phillips</u>

**Joanna Parrish**

Plaintiff(s) / Petitioner(s)

v.

**Victorias Secret Stores Inc**

Defendant(s) / Respondent(s)

_____ /

## AGREED ORDER ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME

THIS CAUSE having come before the Court on Plaintiff's Motion for Extension of Time to respond to Defendant's discovery and the Court having been advised of agreement by and between counsels for parties, it is hereby:
ORDERED and ADJUDGED:

1. Plaintiff's Motion is GRANTED. Plaintiff shall file their responses to Defendant's discovery by June 7, 2019.

**DONE** and **ORDERED** in Chambers, at Broward County, Florida on <u>06-05-2019</u>.

CACE19004284 06-05-2019 2:27 PM

<u>CACE19004284 06-05-2019 2:27 PM</u>
Hon. Carol-lisa Phillips
**CIRCUIT JUDGE**
Electronically Signed by Carol-lisa Phillips

**Copies Furnished To:**
Jami L. Gursky , E-mail : jami.gursky@csklegal.com
Jami L. Gursky , E-mail : Annette.Ochoa@csklegal.com
Patrick McCardle , E-mail : Annette.Habersham@csklegal.com
Patrick McCardle , E-mail : Patrick.McCardle@csklegal.com
Rachelle R Bocksch , E-mail : rbocksch@rrpalaw.com
Rachelle R Bocksch , E-mail : twilliams@rrpalaw.com

CaseNo: CACE19004284
Page 2 of 2

Rachelle R Bocksch , E-mail : litigation2@rrpalaw.com
Rachelle Renee Bocksch , E-mail : litigation2@rrpalaw.com
Rachelle Renee Bocksch , E-mail : rbocksch@rrpalaw.com

IN THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE19-004284

JOANNA PARRISH,

     Plaintiff,

v.

VICTORIA'S SECRET STORES, LLC.,

     Defendant.

_____/

### DEFENDANT'S MOTION FOR CONTEMPT AND TO COMPEL RESPONSES TO DEFENDANT'S INTERROGATORIES, REQUEST FOR ADMISSIONS, RESPONSES TO REQUEST FOR PRODUCTION, AND MOTION FOR SANCTIONS

The Defendant, VICTORIA'S SECRET STORES, LLC. ("VSS"), through undersigned counsel and pursuant to the Florida Rules of Civil Procedure, files its Motion for Contempt and to Compel Responses to Interrogatories, Request for Admissions, and Request for Production, and Motion for Sanctions. As grounds, VSS states:

1. VSS served its initial discovery on Plaintiff on March 11, 2019. *See* Composite Exhibit "A."

2. Plaintiff thereafter requested two informal extensions of time to respond to VSS' discovery, both of which were granted.

3. After Plaintiff failed to timely respond pursuant to her last extension, the parties entered into an Agreed Order giving Plaintiff until June 7, 2019 to respond. *See* Exhibit "B."

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700 - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

4. As of the date of this filing, Plaintiff has still failed to respond to VSS' initial discovery.

5. Unfortunately, VSS has been left with no other recourse but to seek further Judicial intervention and seeks an Order holding the Plaintiff in Contempt, Compelling Responses to Interrogatories, Request for Admission, and Request for Production, as well as a rule to show cause as to why answers have not been provided.

6. The information requested in the above-mentioned discovery is vital and goes to the heart of this litigation.

7. The undersigned counsel certifies that a *bona-fides* effort to agree or to narrow the issues on this Motion to Compel has been made with opposing counsel or that, because of time considerations, such effort has not as yet been made, but will be made prior to the scheduled hearing.

8. The movant, in good faith, has conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.

WHEREFORE, the Defendant, VICTORIA'S SECRET STORES, LLC., respectfully requests this Honorable Court enter an Order Compelling Plaintiff to Provide Responses to Interrogatories, Request for Admissions, and Defendant's Request for Production, and/or grant Motion for Contempt and Sanctions, and any further relief deemed just and equitable by this Honorable Court.

CACE19-004284

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of June, 2019, a true and correct copy of the foregoing was filed with the Clerk of Broward County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system: Rachelle R. Bocksch, Esq., Rosenberg & Rosenberg, P.A., litigation2@rrpalaw.com;jneira@rrpalaw.com, 2501 Hollywood Boulevard, Suite 110, Hollywood, FL 33020, (954) 963-0444/(954) 963-1758 (F), Attorney for Plaintiff, Joanna Parrish.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant VICTORIA'S SECRET STORES, LLC.*
110 Tower
110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone (954) 703-3763
Facsimile (954) 703-3701
Primary e-mail: patrick.mccardle@csklegal.com
Secondary e-mail:
annette.habersham@csklegal.com

By:  s/ Patrick C McCardle
PATRICK C MCCARDLE
Florida Bar No.: 99042

0429.0017-00/14424047

IN THE SEVENTEENTH JUDICIAL
CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

CASE NO.: CACE19-004284

JOANNA PARRISH,

     Plaintiff,

v.

VICTORIA'S SECRET STORES, LLC.,

     Defendant.

_____/

## NOTICE OF SERVICE OF DEFENDANT'S
## FIRST SET OF INTERROGATORIES TO PLAINTIFF

    The Defendant, VICTORIA'S SECRET STORES, LLC., through undersigned

counsel, notifies this Court and counsel of record that it has served its first set of

Interrogatories upon Plaintiff to be answered under oath in writing within thirty (30) days,

in accordance with the Florida Rules of Civil Procedure.

[CERTIFICATE OF SERVICE ON NEXT PAGE]

Page 1
**COLE, SCOTT & KISSANE, P.A.**
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700 · FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

**COMPOSITE EXHIBIT A**

CASE NO.: CACE 18-027643 (14)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of March, 2019, a true and correct copy of the foregoing was filed with the Clerk of Broward County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system: Rachelle R. Bocksch, Esq., Rosenberg & Rosenberg, P.A., litigation2@rrpalaw.com;jneira@rrpalaw.com, 2501 Hollywood Boulevard, Suite 110, Hollywood, FL 33020, (954) 963-0444/(954) 963-1758 (F), Attorney for Plaintiff, Joanna Parrish.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant VICTORIA'S SECRET STORES, LLC.*
110 Tower
110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone (954) 703-3763
Facsimile (954) 703-3701
Primary e-mail: patrick.mccardle@csklegal.com
Secondary e-mail: annette.habersham@csklegal.com

By:   s/ Patrick C McCardle
      PATRICK C MCCARDLE
      Florida Bar No.: 99042

3131.0331-00/13305754

CASE NO.:  CACE 18-027643 (14)

## DEFINITIONS AND INSTRUCTIONS

Please refer to these definitions and instructions in providing your answers.  Unless otherwise clearly indicated by the context thereof, the following definitions and instructions shall apply to each of the interrogatories set forth below:

### Definitions

1.  Plaintiff means JOANNA PARRISH.

2.  "You" and/or "Your" and "Their" means Plaintiffs, unless otherwise so stated.

3.  "Communication" means, without limitation, any oral, written, telephonic, radio, video or electronic transmission of information, demands or questions, including but not limited to conversations, meetings, discussions, telephone calls, telegrams, telecopies, telexes, seminars, conferences, writings, letters, messages, notes, or memoranda.

4.  "Document" or "Documents" means all "writings and recordings".  The definition is intended to include all documents, agreements, correspondence, records, ledgers, contracts, bills, invoices, bills of lading, inventories, financial data, memoranda, notes, or other writings, formal or informal in nature, accounting and financial records, diaries, statements, telegrams, draft, work papers, paper and magnetic tapes, charts, computer cards and print outs, electronically or magnetically stored information or data, minutes, publications, calendars, telephone pads, bulletins, directives, logs and listings, in your actual or constructive possession, custody or control, or of which you have knowledge of the existence, and whether prepared, published or released by you or by any other person or entity. Without limitation on the foregoing, the term "documents" shall include any copy which differs in any respect from the original or other versions of the documents, such as copies containing notations, insertions, corrections, marginal notes or any variations.

5.  "Identify" means, when used in reference to:

   A.  An individual, to state his or her (I) full name; (ii) present or last known home and business address, including street name and number, city or town and zip code; (iii) present or last known position, job title and job description;

CASE NO.:  CACE 18-027643 (14)

B.      A person other than an individual, to state its (I) full name and type of organization or entity; (ii) address or principal place of business; and (iii) jurisdiction and date of incorporation or organization, if known.

C.      Documents, to state (I) the name and date of the document, the name and address of the person(s) originating the document, the name and address, if any, of the person(s) to whom the document is addressed, the names and addresses of all persons to whom copies of the documents were to have been sent; and the organization, firm or agency with which any such persons were connected as of the date of the document; and (ii) whether Plaintiff is in possession of or have under their control the original or a copy of the document, and, if not in possession of an original or copy, the name and address of the custodian of each original copy, and the name and address of each person who Plaintiff believes presently is in possession of the original or copy of such document. In lieu of identifying particular documents, when such identification is requested, the document may, at Plaintiff's option, be attached to the response to these interrogatories, bearing an indication to which interrogatory or interrogatories each document relates.

D.      Conversations, to state the date and place and approximate time of day of the conversation, the identity of all persons in attendance, the subject matter and reasons for the conversation, the statements made by each person, including the context in which they were made and the identity of any writings or recordations which exist relating thereto.

E.      A claim, the name of the claimant, the nature of the claim, the names of all parties to any lawsuit, the court number, if any, the date of the claim, the date upon which Plaintiff first became aware of the claim, the relief sought, and the present status or final disposition of the claim.

F.      Any other item or information, to provide a particular description of the same.

6.      "Notice" shall include formal and informal notification and is not limited to "notice" as that term is used in any policy issued to the Plaintiffs.

7.      The plural shall include the singular and the singular shall include the plural.

COLE, SCOTT & KISSANE, P.A.
110 TOWER · 110 S.E. 6TH STREET, SUITE 2700 · FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

CASE NO.:  CACE 18-027643 (14)

## Instructions

1. <u>Privilege</u>.  If you contend that you are entitled to withhold information falling within the purview of this First Set of Interrogatories on the basis of the attorney-client privilege, the work-product doctrine, or any other ground, such information should be identified by providing a description of the following:

   A.   Describe the subject matter of the information in enough detail to determine the validity of the claimed privilege;

   B.   Identify the person(s) who have knowledge or who have transmitted said information;

   C.   State the nature and basis of the privilege or other ground claimed for withholding the information and;

   D.   The date such information was transmitted to or by you.

2. <u>Documents</u>. If a document, or documents will provide the requested information, attach the document(s) to your responses and indicate the Interrogatory to which the document(s) is/are responsive.

CASE NO.:  CACE 18-027643 (14)

## FIRST INTERROGATORIES TO PLAINTIFF

1.   What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.   List all former names and when you were known by those names. State all addresses where you have lived for the past 10 years, the dates you lived at each address, your Social Security number, your date of birth, and, if you are or have ever been married, the name of your spouse or spouses.

3.   List the names, business addresses, dates of employment, and rates of pay regarding all employers, including self-employment, for whom you have worked in the past 10 years.

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER · 110 S.E. 6TH STREET, SUITE 2700 · FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

CASE NO.:  CACE 18-027643 (14)

4.    Do you wear glasses, contact lenses, or hearing aids? If so, who prescribed them, when were they prescribed, when were your eyes or ears last examined, and what is the name and address of the examiner?

5.    Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of 1 year, or that involved dishonesty or a false statement regardless of the punishment? If so, state as to each conviction the specific crime and the date and place of conviction.

6.    Were you suffering from physical infirmity, disability, or sickness at the time of the incident described in the complaint? If so, what was the nature of the infirmity, disability, or sickness?

CASE NO.:  CACE 18-027643 (14)

7.    Did you consume any alcoholic beverages or take any drugs or medications within 12 hours before the time of the incident described in the complaint?  If so, state the type and amount of alcoholic beverages, drugs, or medication which were consumed, and when and where you consumed them.

8.    Describe in detail how the incident described in the complaint happened, including all actions taken by you to prevent the incident.

9.    Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause because of the incident in question.

COLE, SCOTT & KISSANE, P.A.
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700  - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

CASE NO.:  CACE 18-027643 (14)

10.   Were you charged with any violation of law (including any regulations or ordinances) arising out of the incident described in the complaint?  If so what was the nature of the charge; what plea or answer, if any, did you enter to the charge; what court or agency heard the charge; was any written report prepared by anyone regarding this charge, and if so, what is the name and address of the person or entity that prepared the report; do you have a copy of the report; and was the testimony at any trial, hearing, or other proceeding on the charge recorded in any manner, and, if so, what is the name and address of the person who recorded the testimony?

11.   Describe each injury for which you are claiming damages in this case, specifying the part of your body that was injured, the nature of the injury, and, as to any injuries you contend are permanent, the effects on you that you claim are permanent.

12.   List each item of expense or damage, other than loss of income or earning capacity, that you claim to have incurred as a result of the incident described in the complaint, giving for each item the date incurred, the name and business address

CASE NO.: CACE 18-027643 (14)

of the person or entity to whom each was paid or is owed, and the goods or services for which each was incurred.

13. Do you contend that you have lost any form of income, benefits, or earning capacity in the past or future as a result of the incident described in the complaint? If so, state the nature of the income, benefits, or earning capacity, and the amount and the method that you used in computing the amount.

14. Has anything been paid or is anything payable from any third party for the damages listed in your answers to these interrogatories? If so, state the amounts paid or payable, the name and business address of the person or entity who paid or owes said amounts, and which of those third parties have or claim a right of subrogation.

15. List the names and business addresses of each physician who has treated or examined you and each medical facility where you have received any treatment or examination for the injuries for which you seek damages in this case; and state as

CASE NO.: CACE 18-027643 (14)

to each the date of treatment or examination and the injury or condition for which you were examined or treated.

16. List the names and business addresses of all other physicians, medical facilities, or other health care providers by whom or at which you have been examined or treated in the past 10 years; and state as to each the dates of examination or treatment and the condition or injury for which you were examined or treated.

17. List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

18. Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

COLE, SCOTT & KISSANE, P.A.
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700 - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

CASE NO.: CACE 18-027643 (14)

19.   State the name and address of every person known to you, your agents, or your attorneys, who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

20.   Do you intend to call any expert witnesses at the trial of this case?  If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

CASE NO.:  CACE 18-027643 (14)

21.   Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

22.   Please state if you have ever been a party, either plaintiff or defendant in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

23.   Have you ever declared bankruptcy and, if so, what was your case number? If you do know your case number, please list all known information, including the date and place of filing, the full name you filed under, your legal counsel, and the date of resolution, if it has resolved.

COLE, SCOTT & KISSANE, P.A.
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700  - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

CASE NO.: CACE 18-027643 (14)

24. Describe in detail the nature and extent of any limitation you now experience in your ability to engage in any activities or perform any functions or duties as a result of the incident described in the Complaint, and specify whether you are partially or totally limited in any such activity, function or duty.

25. Describe in detail the nature and extent of any injuries or conditions that existed prior to the date of the incident described in the Complaint and related to any of the areas of your body to which you are complaining of injury in this case, and for any such injury or condition, list the date of the injury or condition, area of the body injured, the type of treatment received and the name and business address of all medical providers or facilities that examined or rendered treatment for any such injury or condition.

26. Please describe the item upon which you allegedly tripped or slipped upon at the time of the incident in this case. Please also indicate whether there were any other factors other than the item which you allegedly tripped or slipped that contributed to your fall in this case.

COLE, SCOTT & KISSANE, P.A.
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700  - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

CASE NO.: CACE 18-027643 (14)

27. Have you ever received a disability rating of any type whatsoever from any individual or private governmental organization prior to or since the incident in question, and not related to the incident in question? If so, state as to each the name and address of the physician or organization giving such rating or ratings, the date(s) of the rating(s), the amount of disability rating(s), and describe the nature of the incident causing the disability.

28. Describe any and all accidents and/or injuries you suffered before the happening of the alleged accident in this lawsuit. This question is not limited to automobile accidents, but you are asked to describe any and all accidents of any kind.

   (a) As to each accident or injury, state the names and addresses of the other parties involved, date and time it occurred, place it occurred, all injuries you sustained. Names, addresses, and specialty, if any, of the treating and consulting physicians, period of disability you sustained, and the names and addresses of the hospitals or place of confinement in which you were a patient in connection with such injuries.

29. Have you travelled on vacation or otherwise outside the tri-county area since the subject incident. If so, please provide the dates of travel, the nature of the travel, the names and contact information of any travel companions, and provide the mode of travel for each trip.

CASE NO.:  CACE 18-027643 (14)

By: _____

JOANNA PARRISH

STATE OF FLORIDA         :
                        : ss.:
COUNTY OF _____   :

The foregoing instrument was acknowledged before me by _____,

1.     _____ who is personally known to me; OR
2.     _____ who has produced _____, as identification;
3.     _____ who did not take an oath; OR
4.     _____ who did take an oath.

SWORN TO AND SUBSCRIBED before me this _____ day of
_____, 2019.

_____
Signature of Notary Public

_____
Name of Notary (Printed or Typed)

Commission No. _____

Commission Expires: _____

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700  - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

IN THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE19-004284

JOANNA PARRISH,

    Plaintiff,

v.

VICTORIA'S SECRET STORES, LLC.,

    Defendant.

_____/

## DEFENDANT'S FIRST REQUEST FOR ADMISSIONS

Defendant, VICTORIA'S SECRET STORES, LLC. , (hereinafter "Defendant") by and through the undersigned counsel, hereby serves JOANNA PARRISH (hereinafter "Plaintiff") to respond to the following Request for Admissions pursuant to Florida Rule of Civil Procedure 1.370:

1. Your earning capacity was not reduced as a result of the Defendant's alleged actions as set forth in the Complaint.

2. Your earning capacity was not impaired as a result of the Defendant's alleged actions as set forth in the Complaint.

3. You did not lose any wages or income as a result of the Defendant's alleged actions as set forth in the Complaint.

4. You did not sustain any permanent injuries as a result of the Defendant's alleged actions as set forth in the Complaint

5. You sustained no permanent scarring as a result of the Defendant's alleged actions as set forth in the Complaint.

6. You received no significant scarring as a result of the Defendant's alleged actions as set forth in the Complaint.

CASE NO.: CACE 18-027643 (14)

7. No medical provider has expressed a medical opinion that you have sustained a permanent injury as a result of the Defendant's alleged actions as set forth in the Complaint.

8. No medical provider has expressed a medical opinion that you have sustained a permanent scar(s) as a result of the Defendant's alleged actions as set forth in the Complaint.

9. Your ability to enjoy life has not been reduced as a result of the Defendant's alleged actions as set forth in the Complaint.

10. The injuries you are claiming damages for as a result of the Defendant's alleged actions as set forth in the Complaint pre-existed the date of the alleged incident.

11. You never requested any assistance of any kind from any of the Defendant's personnel after the alleged incident took place as set forth in the Complaint.

12. You have photographs evidencing the alleged injuries.

13. You consumed alcoholic beverages and/or took any drugs or medications within twelve (12) hours before the time of the incident alleged in the Complaint.

14. If any recovery is awarded against the Defendant, that said award shall be reduced by the value of any collateral source paid and/or payable to Plaintiff as set forth in Florida Statute Section 768.76.

15. You were not Defendant's business invitee as set forth in greater detail in your Complaint.

16. You did not seek the assistance of any medical provider for over 24 hours following the incident described in your Complaint.

17. You did not seek any medical assistance, of any kind, for any of the injuries you are claiming damages for, as set forth in your Complaint, within 24 hours of the incident described in your complaint.

18. Any injury you allegedly sustained at the Defendant's premises on the date set forth in your Complaint has completely healed.

19. You no longer experience any pain as a result of any injury you sustained on the date set forth in your Complaint.

CASE NO.: CACE 18-027643 (14)

20.   You are currently disabled.

21.   You do not currently have gainful employment.

22.   There was a reasonably alternative route available so as to avoid the allegedly dangerous condition as set forth in the Complaint.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of March, 2019, a true and correct copy of the foregoing was filed with the Clerk of Broward County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system:   Rachelle R. Bocksch, Esq., Rosenberg & Rosenberg, P.A., litigation2@rrpalaw.com;jneira@rrpalaw.com,  2501 Hollywood Boulevard, Suite 110, Hollywood, FL 33020, (954) 963-0444/(954) 963-1758 (F), JOANNA PARRISH.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant VICTORIA'S SECRET STORES, LLC.*
110 Tower
110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone (954) 703-3763
Facsimile (954) 703-3701
Primary e-mail: patrick.mccardle@csklegal.com
Secondary e-mail: annette.habersham@csklegal.com


By:   s/ Patrick C McCardle
_____
PATRICK C MCCARDLE
Florida Bar No.:  99042

3131.0331-00/13306785

IN THE SEVENTEENTH JUDICIAL
CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

CASE NO.: CACE19-004284

JOANNA PARRISH,

     Plaintiff,

v.

VICTORIA'S SECRET STORES, LLC.,

     Defendant.

_____/

### DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF

COMES NOW Defendant, VICTORIA'S SECRET STORES, LLC., (hereinafter "Defendant") by and through its undersigned counsel, propounds this Request for Production upon Plaintiff, pursuant to Rule 1.350, Florida Rules of Civil Procedure, to produce and permit the inspection and copying of the following documents, writings, and other data:

### DEFINITIONS AND INSTRUCTIONS FOR REQUEST FOR PRODUCTION

1.    You are instructed either to produce documents as they are kept in the usual course of business or to produce documents organized and labeled to correspond with the categories in this Request. Documents are to be produced in full and unexpurgated form.

2.    This Request shall be deemed continuing so as to require further and supplemental production in the event that the party requested to produce, or any of its attorneys, agent's representatives, obtains or discovers additional information or documents between the time of the initial production and the time of hearing or trial.

3.    If you claim that any documents covered by this Request are withheld by reason of a claim of privilege, work product immunity or other ground of non-production:

CASE NO.: CACE 18-027643 (14)

    a.    Identify its title and general subject matter;

    b.    State its date;

    c.    Identify its author(s);

    d.    Identify the person(s) for whom it was prepared or to whom it was sent;

    e.    State the nature of the privilege claim; and

    f.    State in detail each and every fact upon which you base your claim of privilege.

4.    If a portion of an otherwise responsive document contains information that is subject to a claim of privilege, only those portions of the document subject to the claim of privilege shall be deleted or redacted form the document and the rest of the document shall be produced.

5.    In the event that any document called for by this Request has been destroyed, lost, discarded or otherwise disposed of, each such document is to be identified as completely as possible, including, without limitation, the following information: author; recipient; sender; subject matter; date prepared or received; date of disposal; person currently in possession of the document; and the person disposing of the document.

6.    All objections to any category of documents to be produced pursuant to this Request or to any definition or instruction it contains shall be in writing and delivered to Plaintiffs' counsel within the time provided in the Florida Rules of Civil Procedure or at such other time as is agreed upon by the parties or ordered by this Court.

## DEFINITIONS

1.    "Document" as used herein shall be construed broadly to include all documents and things within the scope of the Florida Rules of Civil Procedure and refers to all writings or other graphic matter, as well as any other medium by which information is stored or recorded.  It includes originals, drafts, copies and reproductions; and it includes, without limiting the generality of the foregoing, letters; memoranda; reports and/or summaries of investigations; police reports; accident reports; opinions or reports of consultants; diagrams; marginal comments appearing on any documents;

CASE NO.: CACE 18-027643 (14)

accounts; telegrams; electronic mail (e-mail), studies; lists of persons attending meetings or conferences; records or memoranda of telephone conversations; written statements; transcripts or recorded statements; recorded statements; records of personal conversations or interviews; calculations; computations; specifications; drawings; advertisements; circulars; trade letters; press releases; prints; recordings; positive or negative films, slides or photographs; magnetic, electronic or video tapes; computer tapes, cards, printouts and/or other computer/data based information; and all other things of like nature; and any and all containers, boxes or other receptacles or repositories housing or containing such "documents."

2.     The term "communication" shall mean any transmission of information by any means, including, without limitation, by spoken language, written language, electronic transmission of data or any other means.  The term "communication" shall include, without limitation, any copies of written information received by the person or entity responding to this Request, even if such person or entity is not the primary or direct addressee of such written information.

3.     The term "referring" or "relating" shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

4.     "You" and "your" refers to JOANNA PARRISH, and its affiliates, partners, employees, agents and representatives.

5.     "And" and "or" shall be construed conjunctively or disjunctively as necessary to make each request herein inclusive rather than exclusive.  "Include(s)" and "including" shall be constructed to mean "without limitation."

6.     "Person" means any natural person, firm, corporation, partnership, proprietorship, joint venture, organization, trust, group of natural persons or other association separately identifiable, whether or not such an association has a separate juridical existence in its own right.

7.     When used in references to an individual person, "identify" or "identity" means to state his or her full name, date of birth, Social Security Number and present or last known address and telephone number, and contemporaneous or last known position and business affiliation at the time in question.  When used in reference to a

CASE NO.: CACE 18-027643 (14)

business organization or entity other than an individual, "identify" or "identity" means to state its full name, its principal business address, and the nature of the organization (e.g., corporation, partnership). When used in reference to a document, "identify" or "identity" means to set forth its date, author, designated and actual recipients, type of document (e.g., report, memorandum), number of pages and the identity (as defined above) of its present or last known custodian.'

8. "Contract documents" shall mean all architectural plans and specifications, details, shop drawings, manufacturers data and/or cut sheets and samples. When a request is directed to the "contract documents", the answer should specify the numbered sheet and detail on any approved plan and/or shop drawing. Where the answer calls for a specification, the specification section and sub-sections should be identified. Where manufacturer's and/or product literature becomes part of the "contract documents", the addition date of the manufacturer's data or cut sheet should be noted along with the specific detail that is relied upon. "Contract documents" also refer to all contracts and specific provisions therein.

9. When used in terms of documents, the term "describe" shall mean identify the document by document name or title, name and address of preparer of the document, name and address of recipient of the document and the date of the document. If the document is a plan, the plan should be identified by date with all revision dates, the name of person or firm that signed the plan, the plan sheet number, and any detail, by number and title that appears on the plan sheet.

When the term "describe" refers to specifications, the specific specification section and subsection should be described.

When the term "describe" refers to product literature, the date on the project literature as well as its title and any section or subsections thereof should be provided.

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700 - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

CASE NO.: CACE 18-027643 (14)

## DOCUMENTS TO BE PRODUCED

1.   All statements, written or recorded, taken from the parties (or any witnesses) pertaining to the accident in question.

2.   All graphs, videos, charts, news clippings, and other documenting evidence relating to the incident in question.

3.   All documents that you relied upon in answering the interrogatories served on you in this action.

4.   All bills or statements for medical treatment, medications or other related items, the cost of which is claimed to have been incurred by the Plaintiff as a result of the injuries allegedly sustained in this case.

5.   Copies of Plaintiff's federal income tax returns for all years for which income tax returns were filed beginning 5 years before the incident in question and up to the present.

6.   Proof of all earned income and proof of all non-earned income for any year that a federal income tax return has not been filed for the five years before the date of the incident up to the present for Plaintiff.

7.   Any and all records of hospitals in which the Plaintiff has been a patient or received treatment allegedly as a result of the accident here involved; or, in the alternative, written authorization to obtain same.

8.   Any and all photographs taken by the Plaintiff, Plaintiff's attorneys, investigators, agents, servants, or employees, after the incident referred to in the Complaint, which are in any manner related to the subject matter of this lawsuit.

9.   Copies of all medical reports received by Plaintiff, Plaintiff's attorneys, investigators, agents, servants, or employees, from any doctors, physicians, or anyone else who has rendered treatment to the Plaintiff for injuries allegedly incurred as a result of the accident which is the subject matter of this lawsuit.

10.   Copies of all medical reports received by Plaintiff, Plaintiff's attorneys, investigators, agents, servants or employees, from any doctor, physician, or member of the healing arts who has examined Plaintiff's physical or mental condition subsequent to the accident which is the subject matter of this lawsuit, and who may be called as a witness on behalf of the Plaintiffs at the trial of this cause.

COLE, SCOTT & KISSANE, P.A.
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700 - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

CASE NO.: CACE 18-027643 (14)

11. All written statements by the Defendant concerning this action or its subject matter or a stenographic, mechanical, electrical, or other recording or transcription of a statement that is a substantial verbatim recital of an oral statement.

12. Copies of any and all documents evidencing payments from any collateral source or med pay coverage paid on your behalf for medical expenses.

13. Copies of any and all documents evidencing payments from any collateral source paid on your behalf for lost income.

14. Copies of any and all documents reflecting the notices required under §768.76(6) or statements asserting a right of subrogation or reimbursement pursuant to §768.76(7).

15. Produce any and all clothes/clothing items, including, but not limited to, Plaintiff's shoes, that he was wearing at the time of the alleged fall.

16. Copies of any and all reports prepared by any expert you anticipate calling at the time of trial.

17. All incident reports filed by Plaintiff for any purpose, including, but not limited to, reports to employer and/or insurance company regarding the incident, if applicable, and/or any other reports filled out by Plaintiffs.

18. Copies of the most recent and updated CV and/or resume of any expert you anticipate calling at the time of trial.

19. Laser, color copies of the front and back of the Plaintiff's driver's licenses or identification cards if the Plaintiff is not a licensed drivers.

20. Please provide a color copy of Plaintiff's entire current passport (cover to cover).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of March, 2019, a true and correct copy of the foregoing was filed with the Clerk of Broward County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system:   Rachelle R. Bocksch, Esq.,

CASE NO.: CACE 18-027643 (14)

Rosenberg & Rosenberg, P.A., litigation2@rrpalaw.com;jneira@rrpalaw.com, 2501 Hollywood Boulevard, Suite 110, Hollywood, FL 33020, (954) 963-0444/(954) 963-1758 (F), Attorney for Plaintiff, Joanna Parrish.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant VICTORIA'S SECRET STORES, LLC.*
110 Tower
110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone (954) 703-3763
Facsimile (954) 703-3701
Primary e-mail: patrick.mccardle@csklegal.com
Secondary e-mail: annette.habersham@csklegal.com

By:   s/ Patrick C McCardle
      PATRICK C MCCARDLE
      Florida Bar No.:  99042

3131.0331-00/13306706

-7-

Filing # 90657401 E-Filed 06/05/2019 00:21:18 PM
Case 0:19-cv-62508-XXXX   Document 1-2   Entered on FLSD Docket 10/08/2019   Page 27 of 38

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. CACE19004284   DIVISION 25   JUDGE Carol-lisa Phillips

**Joanna Parrish**

Plaintiff(s) / Petitioner(s)

v.

**Victorias Secret Stores Inc**

Defendant(s) / Respondent(s)

_____/

## AGREED ORDER ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME

THIS CAUSE having come before the Court on Plaintiff's Motion for Extension of Time to respond to Defendant's discovery and the Court having been advised of agreement by and between counsels for parties, it is hereby:
ORDERED and ADJUDGED:

1. Plaintiff's Motion is GRANTED. Plaintiff shall file their responses to Defendant's discovery by June 7, 2019.

**DONE** and **ORDERED** in Chambers, at Broward County, Florida on 06-05-2019.

CACE19004284 06-05-2019 2:27 PM

CACE19004284 06-05-2019 2:27 PM
Hon. Carol-lisa Phillips
**CIRCUIT JUDGE**
Electronically Signed by Carol-lisa Phillips

**Copies Furnished To:**
Jami L. Gursky , E-mail : jami.gursky@csklegal.com
Jami L. Gursky , E-mail : Annette.Ochoa@csklegal.com
Patrick McCardle , E-mail : Annette.Habersham@csklegal.com
Patrick McCardle , E-mail : Patrick.McCardle@csklegal.com
Rachelle R Bocksch , E-mail : rbocksch@rrpalaw.com
Rachelle R Bocksch , E-mail : twilliams@rrpalaw.com

**EXHIBIT B**

CaseNo: CACE19004284
Page 2 of 2

Rachelle R Bocksch , E-mail : litigation2@rrpalaw.com
Rachelle Renee Bocksch , E-mail : litigation2@rrpalaw.com
Rachelle Renee Bocksch , E-mail : rbocksch@rrpalaw.com

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

JOANNA PARRISH,

      Plaintiff,

CASE NO.: CACE 19-004284

vs.

VICTORIA'S SECRET STORES, LLC.,

      Defendant.

_____/

### PLAINTIFF'S RESPONSE TO DEFENDANT, VICTORIA'S SECRET STORES, LLC.'S, REQUEST FOR PRODUCTION

      COMES NOW, the Plaintiff, JOANNA PARRISH, by and through her undersigned attorney, and hereby files her Response to Defendant, VICTORIA'S SECRET STORES, LLC.'s, Request for Production.

1. None currently in Plaintiff's possession.

2. None currently in Plaintiff's possession.

3. See attached those documents currently in Plaintiff's possession.

4. See attached those documents currently in Plaintiff's possession.

5. In lieu of tax returns, see attached 4506 tax form.

6. Please refer to 4506 tax form.

7. See attached those records currently in Plaintiff's possession.

8. None.

9. See attached those medical reports currently in Plaintiff's possession.

10. See attached those documents currently in Plaintiff's possession.

11. None in Plaintiff's possession.

12.     See attached those documents currently in Plaintiff's possession.

13.     See attached those documents currently in Plaintiff's possession.

14.     None currently in Plaintiff's possession.

15.     Plaintiff no longer has possession of the clothing or shoes she wore on the date of the incident.

16.     It is unknown at this time what expert(s) will be called to testify at trial, however see all those medical reports in Plaintiff's possession.

17.     See attached those documents in Plaintiff's possession.

18.     None at this time.

19.     See attached color copy of Plaintiff's driver's license.

20.     Plaintiff does not have a passport.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished by electronic service on June 10, 2019 to: Patrick McCardle, Esq., Cole, Scott & Kissane, P.A., patrick.mccardle@csklegal.com; annette.habersham@csklegal.com.

ROSENBERG & ROSENBERG, P.A.
Attorneys for Plaintiff
2501 Hollywood Blvd., Suite 110
Hollywood, FL 33020
(954) 963-0444
Service of Documents: litigation2@rrpalaw.com
Gen. Communications: RBocksch@rrpalaw.com

BY:   _Rachelle Bocksch_
      RACHELLE BOCKSCH, ESQ.
      FBN: 151823

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

JOANNA PARRISH,

     Plaintiff,

CASE NO.: CACE 19-004284

vs.

VICTORIA'S SECRET STORES, LLC.,

     Defendant.

_____/

### PLAINTIFF'S NOTICE OF FILING ANSWERS TO DEFENDANT, VICTORIA'S SECRET STORES, LLC's, FIRST INTERROGATORIES

COMES NOW, the Plaintiff, JOANNA PARRISH, by and through her undersigned attorney, and files Plaintiff's Answers to Defendant, VICTORIA'S SECRET STORES, LLC's, First Interrogatories dated March 11, 2019.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished by electronic service on June 10, 2019 to: Patrick McCardle, Esq., Cole, Scott & Kissane, P.A., patrick.mccardle@csklegal.com; annette.habersham@csklegal.com.

ROSENBERG & ROSENBERG, P.A.
Attorneys for Plaintiff
2501 Hollywood Blvd., Suite 110
Hollywood, FL 33020
(954) 963-0444
Service of Documents: litigation2@rrpalaw.com
Gen. Communications: RBocksch@rrpalaw.com

BY: _Rachelle Bocksch_
RACHELLE BOCKSCH, ESQ.
FBN: 151823

- 1 -

Filing # 90848145 E-Filed 06/10/2019 03:31:25 PM

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

JOANNA PARRISH,

     Plaintiff,

vs.

VICTORIA'S SECRET STORES, LLC.,

     Defendant.

CASE NO.: CACE 19-004284

_____/

## PLAINTIFF'S ANSWERS TO DEFENDANT, VICTORIA'S SECRET STORES, LLC.'S, REQUEST FOR ADMISSIONS

COMES NOW, the Plaintiff, JOANNA PARRISH, by and through her undersigned attorney, and hereby files her Answers to Defendant, VICTORIA'S SECRET STORES, LLC's, Request for Admissions.

1.     Denied.

2.     Denied.

3.     Denied.

4.     Denied.

5.     Admit.

6.     Admit.

7.     Unknown

8.     Admit.

9.     Denied.

10.     Denied.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Calls for a legal conclusion and is an improper Request for Admissions.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Admit.

22.     Denied.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished by electronic service on June 10, 2019 to: Patrick McCardle, Esq., Cole, Scott & Kissane, P.A., patrick.mccardle@csklegal.com; annette.habersham@csklegal.com.

ROSENBERG & ROSENBERG, P.A.
Attorneys for Plaintiff
2501 Hollywood Blvd., Suite 110
Hollywood, FL 33020
(954) 963-0444
Service of Documents: litigation2@rrpalaw.com
Gen. Communications: RBocksch@rrpalaw.com

BY: _Rachelle Bocksch_____
        RACHELLE BOCKSCH, ESQ.
        FBN: 151823

IN THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE19-004284

JOANNA PARRISH,

     Plaintiff,

v.

VICTORIA'S SECRET STORES, LLC.,

     Defendant.

_____/

## NOTICE OF PRODUCTION FROM NON-PARTIES

**YOU ARE NOTIFIED** that after ten (10) days from the date of service of this Notice, if service is by delivery, or fifteen (15) days from the date of service, if service is by mail, and if no objection is received from any party, the undersigned will issue or apply to the Clerk of this Court for issuance of the attached subpoenas for production from non-parties as listed below:

1. Orthopedic Associates

2. Orthopedic Center of South Florida

3. Concentra Medical Center

4. Andrew Ellowitz, MD

5. A1 Imaging of Plantaion

6. Florida Spine & Joint Institute

7. Tim Puckett, DO

CASE NO.: CACE19-004284

8. Samuel Herring, MD

9. Northwest Regional Hospital

10. Plantation General Hospital

11. Global Village

12. RGIS Inventory Specialist

13. The preserve at Palm Aire

14. America's Best Contacts & Eyeglasses

15. United Healthcare

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of June, 2019, a true and correct copy of the foregoing was filed with the Clerk of Broward County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system: Rachelle R. Bocksch, Esq., Rosenberg & Rosenberg, P.A., litigation2@rrpalaw.com;jneira@rrpalaw.com, 2501 Hollywood Boulevard, Suite 110, Hollywood, FL 33020, (954) 963-0444/(954) 963-1758 (F), Attorney for Plaintiff, Joanna Parrish.

CASE NO.: CACE19-004284

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant VICTORIA'S SECRET
STORES, LLC.*
110 Tower
110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone (954) 703-3763
Facsimile (954) 703-3701
Primary e-mail: patrick.mccardle@csklegal.com
Secondary e-mail: annette.habersham@csklegal.com

By:   s/ Patrick C McCardle
PATRICK C MCCARDLE
Florida Bar No.: 99042

3131.0331-00/13305754

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL   CIRCUIT   IN   AND   FOR
BROWARD COUNTY, FLORIDA

JOANNA PARRISH,

CASE NO.: CACE 19-004284

     Plaintiff,

vs.

VICTORIA'S SECRET STORES, LLC.,

     Defendant.

_____/

## PLAINTIFF'S REQUEST FOR COPIES

COMES NOW, the Plaintiff, JOANNA PARRISH, by and through her undersigned attorney and hereby requests the Defendant, VICTORIA'S SECRET STORE, LLC, to furnish copies of any and all documents obtained under its Notice of Production from Non-Party directed to the following Record Custodians:

1.     Orthopedic Associates
2.     Ortopedic center of South Florida
3.     Concentra Medical Center
4.     Andrew Ellowitz, MD
5.     A1 Imaging of Plantation
6.     Florida Spine and Joint Institute
7.     Tim Puckett, DO
8.     Samuel Herring
9.     North West Regional Hospital
10.     Plantation General Hospital
11.     Global Village
12.     RGIS Inventory Specialist
13.     The Preserve at Palm Aire
14.     America's Best Contact and Eye Glasses
15.     United Health Care

**This request is made pursuant to Florida Rule of Civil Procedure 1.351(e).**

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was furnished by electronic service on June **20**, 2019 to:  Patrick McCardle, Esq., Cole, Scott & Kissane, P.A., patrick.mccardle@csklegal.com; annette.habersham@csklegal.com .

ROSENBERG & ROSENBERG, P.A.
Attorneys for Plaintiff
2501 Hollywood Blvd., Suite 110
Hollywood, FL 33020
(954) 963-0444
Service of Documents: litigation2@rrpalaw.com
Gen. Communications: RBocksch@rrpalaw.com

BY: _____
RACHELLE BOCKSCH, ESQ.
FBN: 151823

## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. <u>CACE19004284</u>   DIVISION <u>25</u>   JUDGE <u>Carol-lisa Phillips</u>

**Joanna Parrish**

Plaintiff(s) / Petitioner(s)

v.

**Victorias Secret Stores Inc**

Defendant(s) / Respondent(s)

_____/

## AGREED ORDER

THIS CAUSE having come on to be heard on Defendant's Motion for Extension of Time, and the Court having been advised of agreement of counsel, and being otherwise advised in the premises, it is hereupon,

ORDERED AND ADJUDGED that:

1. Defendant's Motion for Extension of Time is hereby GRANTED.

2. Defendant shall have an additional 20 days, up to and including July 24, 2019 within which to file answers, responses and/or objections to all discovery in this cause.

**DONE** and **ORDERED** in Chambers, at Broward County, Florida on <u>06-25-2019</u>.

CACE19004284 06-25-2019 9:46 AM

<u>CACE19004284 06-25-2019 9:46 AM</u>

Hon. Carol-lisa Phillips

**CIRCUIT JUDGE**

Electronically Signed by Carol-lisa Phillips

**Copies Furnished To:**

Jami L. Gursky , E-mail : jami.gursky@csklegal.com

Jami L. Gursky , E-mail : Annette.Ochoa@csklegal.com

Patrick McCardle , E-mail : Annette.Habersham@csklegal.com

Patrick McCardle , E-mail : Patrick.McCardle@csklegal.com

Prisila Sanchez , E-mail : psanchez@rrpalaw.com

Rachelle R Bocksch , E-mail : rbocksch@rrpalaw.com

Rachelle R Bocksch , E-mail : twilliams@rrpalaw.com

Rachelle R Bocksch , E-mail : litigation2@rrpalaw.com

CaseNo: CACE19004284
Page 2 of 2

Rachelle Renee Bocksch , E-mail : litigation2@rrpalaw.com
Rachelle Renee Bocksch , E-mail : rbocksch@rrpalaw.com

Filing # 91049794 E-Filed 06/25/2019 03:15:32 PM
Case 0:19-cv-62508-XXXX   Document 1-5   Entered on FLSD Docket 10/08/2019   Page 3 of 56

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

JOANNA PARRISH,

        Plaintiff,

CASE NO.: CACE 19-004284

vs.

VICTORIA'S SECRET STORES, LLC.,

        Defendant.

_____/

### PLAINTIFF'S ANSWERS TO DEFENDANT, VICTORIA'S SECRET STORES, LLC.'S, SECOND REQUEST FOR ADMISSIONS

    COMES NOW, the Plaintiff, JOANNA PARRISH, by and through her undersigned attorney, and hereby files her Answers to Defendant, VICTORIA'S SECRET STORES, LLC's, Request for Admissions.

    23.    Unknown at this time as Plaintiff is still treating.

    24.    Unknown at this time as Plaintiff is still treating.

    25.    Admit.

### CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a copy of the foregoing has been furnished by electronic service on this 25 day of June, 2019 to: Patrick McCardle, Esq., Cole, Scott & Kissane, P.A., patrick.mccardle@csklegal.com; annette.habersham@csklegal.com.

                  ROSENBERG & ROSENBERG, P.A.
                  Attorneys for Plaintiff
                  2501 Hollywood Blvd., Suite 110
                  Hollywood, FL 33020
                  (954) 963-0444
                  Service of Documents: litigation2@rrpalaw.com
                  Gen. Communications: RBocksch@rrpalaw.com

        BY: _____
                  RACHELLE BOCKSCH, ESQ.
                  FBN: 151823

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

JOANNA PARRISH,

       Plaintiff,

CASE NO.: CACE 19-004284

vs.

VICTORIA'S SECRET STORES, LLC.,

       Defendant.

_____/

### PLAINTIFF'S REQUEST FOR COPIES

COMES NOW, the Plaintiff, JOANNA PARRISH, by and through her undersigned attorney and hereby requests the Defendant, VICTORIA'S SECRET STORE, LLC, to furnish copies of any and all documents obtained under its Notice of Production from Non-Party directed to the following Record Custodians:

1.     Memorial Same Day Surgery

2.     Gallagher Bassett Services, Inc.

**This request is made pursuant to Florida Rule of Civil Procedure 1.351(e).**

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was furnished by electronic service on this 25 of June, 2019 to: Patrick McCardle, Esq., Cole, Scott & Kissane, P.A., patrick.mccardle@csklegal.com; annette.habersham@csklegal.com .

ROSENBERG & ROSENBERG, P.A.
Attorneys for Plaintiff
2501 Hollywood Blvd., Suite 110
Hollywood, FL 33020
(954) 963-0444
Service of Documents: litigation2@rrpalaw.com
Gen. Communications: RBocksch@rrpalaw.com

BY: _____
     RACHELLE BOCKSCH, ESQ.
     FBN: 151823

IN THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE19-004284

JOANNA PARRISH,

     Plaintiff,

v.

VICTORIA'S SECRET STORES, LLC.,

     Defendant.

_____/

### NOTICE OF TAKING DEPOSITION OF PLAINTIFF, JOANNA PARRISH

To:    Rachelle R. Bocksch
       Rosenberg & Rosenberg, P.A.
       2501 Hollywood Boulevard, Suite 110
       Hollywood, FL 33020

     PLEASE TAKE NOTICE that, pursuant to Rule 1.310 (b) of the Florida Rules of Civil Procedure, the undersigned attorneys will take the depositions of:

| | |
|---|---|
| NAME: | Joanna Parrish |
| DATE: | September 10, 2019 |
| TIME: | 10:00 a.m. |
| LOCATION: | US Legal Support |
| | 100 NE 3rd Avenue, Suite 1050 |
| | Fort Lauderdale, FL 33301 |

upon oral examination before **US Legal Support**, or any other notary public or other

officer authorized to take depositions in the State of Florida.  The oral examination will

continue from day to day until completed.  The deposition is being taken for the purpose

of discovery, <u>for use at trial</u>, or for such other purposes as are permitted under the rules

of Court.

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700  - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 07/02/2019 11:30:50 AM.****

CASE NO.: CACE19-004284

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of July, 2019, a true and correct copy of the foregoing was filed with the Clerk of Broward County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system:  Rachelle R. Bocksch, Esq., Rosenberg & Rosenberg,  P.A.,  litigation2@rrpalaw.com;jneira@rrpalaw.com,  2501  Hollywood Boulevard, Suite 110, Hollywood, FL 33020, (954) 963-0444/(954) 963-1758 (F), Attorney for Plaintiff, Joanna Parrish.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant VICTORIA'S SECRET STORES, LLC.*
110 Tower
110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone (954) 703-3756
Facsimile (954) 703-3701
Primary e-mail: jami.gursky@csklegal.com
Secondary e-mail: patrick.mccardle@csklegal.com
Alternate e-mail: annette.habersham@csklegal.com

By:  s/ Patrick C McCardle
JAMI L. GURSKY
Florida Bar No.: 572926
PATRICK C MCCARDLE
Florida Bar No.: 99042

0429.0017-00/14715615

Filing # 92096018 E-Filed 07/03/2019 04:21:04 PM

IN THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE19-004284

JOANNA PARRISH,

    Plaintiff,

v.

VICTORIA'S SECRET STORES, LLC.,

    Defendant.

_____/

## CERTIFICATE OF NON-OBJECTION

WE HEREBY CERTIFY that no objection to the Notice of Production from non-party, under Rule 1.351, Fla.R.Civ.P., has been served upon the undersigned within fifteen (15) days of service of the notice given to every other party, of the intent to serve a Subpoena upon persons who are not parties, directing the production of documents or things without deposition from:

1. Memorial Same Day Surgery

2. Gallagher Bassett Services, Inc.

**Cole, Scott & Kissane, PA**
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700 - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 07/03/2019 04:21:03 PM.****

CASE NO.: CACE19-004284

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of July, 2019, a true and correct copy of the foregoing was filed with the Clerk of Broward County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system: Rachelle R. Bocksch, Esq., Rosenberg & Rosenberg, P.A., litigation2@rrpalaw.com;jneira@rrpalaw.com, 2501 Hollywood Boulevard, Suite 110, Hollywood, FL 33020, (954) 963-0444/(954) 963-1758 (F), Attorney for Plaintiff, Joanna Parrish.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant VICTORIA'S SECRET STORES, LLC.*
110 Tower
110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone (954) 703-3763
Facsimile (954) 703-3701
Primary e-mail: patrick.mccardle@csklegal.com
Secondary e-mail: annette.habersham@csklegal.com

By:   s/ Patrick C McCardle
PATRICK C MCCARDLE
Florida Bar No.: 99042

3131.0331-00/13305754
\\bunk-ftledoc\ftledoc\190703_0001\[14728737] cno 03.docx

Filing # 92119409 E-Filed 07/05/2019 11:05:45 AM

IN THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE19-004284

JOANNA PARRISH,

     Plaintiff,

v.

VICTORIA'S SECRET STORES, LLC.,

     Defendant.

_____/

## CERTIFICATE OF NON-OBJECTION

WE HEREBY CERTIFY that no objection to the Notice of Production from non-party, under Rule 1.351, Fla.R.Civ.P., has been served upon the undersigned within fifteen (15) days of service of the notice given to every other party, of the intent to serve a Subpoena upon persons who are not parties, directing the production of documents or things without deposition from:

1. Orthopedic Associates

2. Orthopedic Center of South Florida

3. Concentra Medical Center

4. Andrew Ellowitz, MD

5. A1 Imaging of Plantation

6. Florida Spine & Joint Institute

7. Tim Puckett, DO

CASE NO.: CACE19-004284

8. Samuel Herring, MD

9. Northwest Regional Hospital

10. Plantation General Hospital

11. Global Village

12. RGIS Inventory Specialist

13. The preserve at Palm Aire

14. America's Best Contacts & Eyeglasses

15. United Healthcare

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of July, 2019, a true and correct copy of the foregoing was filed with the Clerk of Broward County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system: Rachelle R. Bocksch, Esq., Rosenberg & Rosenberg, P.A., litigation2@rrpalaw.com;jneira@rrpalaw.com, 2501 Hollywood Boulevard, Suite 110, Hollywood, FL 33020, (954) 963-0444/(954) 963-1758 (F), Attorney for Plaintiff, Joanna Parrish.

CASE NO.:  CACE19-004284

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant VICTORIA'S SECRET STORES, LLC.*
110 Tower
110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone (954) 703-3763
Facsimile (954) 703-3701
Primary e-mail: patrick.mccardle@csklegal.com
Secondary e-mail: annette.habersham@csklegal.com

By:   s/ Patrick C McCardle
PATRICK C MCCARDLE
Florida Bar No.:  99042

3131.0331-00/13305754
\\bunk-ftledoc\ftledoc\190703_0007\[14739789] cno 02.docx

IN THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE19-004284

JOANNA PARRISH,

    Plaintiff,

v.

VICTORIA'S SECRET STORES, LLC.,

    Defendant.

_____/

### RE-NOTICE OF TAKING DEPOSITION OF PLAINTIFF, JOANNA PARRISH
*(Cancels deposition on September 10, 2019)*

To:    Rachelle R. Bocksch
    Rosenberg & Rosenberg, P.A.
    2501 Hollywood Boulevard, Suite 110
    Hollywood, FL 33020

    PLEASE TAKE NOTICE that, pursuant to Rule 1.310 (b) of the Florida Rules of Civil Procedure, the undersigned attorneys will take the depositions of:

| | |
|---|---|
| NAME: | Joanna Parrish |
| DATE: | September 3, 2019 |
| TIME: | 2:00 p.m. |
| LOCATION: | US Legal Support |
| | 100 NE 3rd Avenue, Suite 1050 |
| | Fort Lauderdale, FL 33301 |

upon oral examination before **US Legal Support**, or any other notary public or other officer authorized to take depositions in the State of Florida. The oral examination will continue from day to day until completed. The deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the rules of Court.

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700 - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

CASE NO.: CACE19-004284

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of July, 2019, a true and correct copy of the foregoing was filed with the Clerk of Broward County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system: Rachelle R. Bocksch, Esq., Rosenberg & Rosenberg, P.A., litigation2@rrpalaw.com;jneira@rrpalaw.com, 2501 Hollywood Boulevard, Suite 110, Hollywood, FL 33020, (954) 963-0444/(954) 963-1758 (F), Attorney for Plaintiff, Joanna Parrish.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant VICTORIA'S SECRET STORES, LLC.*
110 Tower
110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone (954) 703-3756
Facsimile (954) 703-3701
Primary e-mail: jami.gursky@csklegal.com
Secondary e-mail: patrick.mccardle@csklegal.com
Alternate e-mail: annette.habersham@csklegal.com

By:   s/ Patrick C McCardle
_____
JAMI L. GURSKY
Florida Bar No.: 572926
PATRICK C MCCARDLE
Florida Bar No.: 99042

0429.0017-00/14715615

IN THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE19-004284

JOANNA PARRISH,

     Plaintiff,

v.

VICTORIA'S SECRET STORES, LLC.,

     Defendant.

_____/

## DEFENDANT'S MOTION TO COMPEL BETTER RESPONSES TO SUPPLEMENTAL REQUEST FOR ADMISSIONS

The Defendant, VICTORIA'S SECRET STORES, LLC. ("VSS"), through undersigned counsel and pursuant to the Florida Rules of Civil Procedure, files its Motion to Compel Better Responses to its Supplemental Requests for Admissions. As grounds, VSS states:

1. This is a personal injury action stemming from an alleged October 25, 2015 incident at the VSS store at the Galleria Mall in Fort Lauderdale.

2. Pursuant to Florida Rule of Civil Procedure 1.370, VSS served Supplemental Requests for Admission to Plaintiff on May 31, 2019. *See* Exhibit "A."

3. Plaintiff filed her responses on June 25, 2019. *See* Exhibit "B."

4. Responses to Requests Numbers 23 and 24 are deficient, unresponsive, and fail to respond to the specific information requested as demonstrated by the excerpts below.

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700  - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

CACE19-004284

**Request for Admission #23**

The amount in controversy claimed by Plaintiff in this action does not exceed $75,000.00, exclusive of interest and costs. Admit or Deny?

23.     Unknown at this time as Plaintiff is still treating.

**Request for Admission #24**

Plaintiff's alleged damages for her injuries sustained in the alleged incident are in excess of $75,000.00, exclusive of interest and costs. Admit or Deny?

24.     Unknown at this time as Plaintiff is still treating.

5. Florida Rule of Civil Procedure 1.340(c) states "[a]n answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless that party states that that party has made reasonable inquiry and that the information known or readily obtainable by that party is insufficient to enable that party to admit or deny."

6. Plaintiff has had more than three years of medical treatment since the alleged incident which she relates to the alleged incident.

7. Furthermore, in response to VSS' Request for Production, Plaintiff produced voluminous medical records, the last of which is dated February 13, 2019—demonstrating her last treatment related to the alleged incident was more than four months ago.

CACE19-004284

8. Accordingly, Plaintiff should know whether she is pursing damages in excess of $75,000.

9. Plaintiff's inadequate responses are a clear dilatory tactic meant to frustrate VSS' attempts to ascertain whether this matter is subject to federal removal within the statutory timeframe.

10. Accordingly, the Court should compel the Plaintiff to provide the requested responses.

WHEREFORE, the Defendant, VICTORIA'S SECRET STORES, LLC, respectfully requests this Honorable Court enter an Order Compelling Plaintiff to Provide Better Responses its Supplemental Request for Admissions, and any further relief deemed just and equitable by this Honorable Court.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of June, 2019, a true and correct copy of the foregoing was filed with the Clerk of Broward County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system: Rachelle R. Bocksch, Esq., Rosenberg & Rosenberg, P.A., litigation2@rrpalaw.com;jneira@rrpalaw.com, 2501 Hollywood Boulevard, Suite 110, Hollywood, FL 33020, (954) 963-0444/(954) 963-1758 (F), Attorney for Plaintiff, Joanna Parrish.

CACE19-004284

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant VICTORIA'S SECRET*
*STORES, LLC.*
110 Tower
110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone (954) 703-3763
Facsimile (954) 703-3701
Primary e-mail: patrick.mccardle@csklegal.com
Secondary e-mail:
annette.habersham@csklegal.com

By:   s/ Patrick C McCardle
        PATRICK C MCCARDLE
        Florida Bar No.:  99042

0429.0017-00/14424047

# IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

Joanna Parrish,

                            Plaintiff,

vs.

Victoria's Secret Stores, LLC,

                            Defendant.

Case No: CACE-I9-004284

Division: 25

Judge:

## DEFENDANT VICTORIA'S SECRET STORES, LLC'S RESPONSES TO PLAINTIFF'S INITIAL REQUEST FOR PRODUCTION

    Defendant, Victoria's Secret Stores, LLC ("VSS"), serves its Responses and Objections to Plaintiff Joanna Parrish's Initial Request for Production as follows:

### PRELIMINARY STATEMENT

    VSS has not fully completed its investigation of the facts relating to this case, discovery in this action, or preparation for trial. All of the responses contained herein are based only upon such information and documents presently available to and specifically known to VSS. It is anticipated that further discovery, independent investigation, legal research, and analysis will supply additional facts and contentions, which may, in turn, clarify and add meaning to known facts, as well as establish entirely new factual matters, all of which may lead to substantial additions to, changes in, and variations from the contentions and responses herein set forth.

    The following responses are given without prejudice to the right of VSS to produce evidence of any subsequently discovered fact(s), witness(es), document(s), or information that VSS may later recall. VSS accordingly reserves the right to change any and all of its responses herein as additional facts are ascertained, analyses are made, legal research is completed, and contentions are formulated. The responses contained herein are made in a good faith effort to

supply as much factual information, responsive documents, and specification of legal contentions as are presently known, but should in no way be to the prejudice of VSS in relation to further discovery, research, or analysis. This preliminary statement is incorporated into each and every response set forth below.

## GENERAL OBJECTIONS TO REQUESTS

VSS makes the following general objections and responses, each of which may be incorporated by reference into the specific responses set forth below. These general objections may be specifically referred to in a Response for the purpose of clarity; however, the failure to specifically incorporate a general objection does not constitute a waiver of that objection.

1.     VSS objects to these Requests to the extent that Plaintiff seeks through the Requests, instructions, and/or the definitions set forth therein to impose on VSS greater obligations than are required by the Florida Rules of Civil Procedure.

2.     VSS objects to any defined or undefined terms in the Requests that differ from how VSS uses such terms in the ordinary course of business, and any response or use of such terms in these responses does not constitute a waiver of any objections regarding the definition or scope of such terms.

3.     VSS objects to these Requests to the extent they call for information that is exempt from discovery by virtue of the attorney-client privilege, work product privilege, or other applicable privilege. To the extent the Requests seeks such information, VSS will not produce or disclose such privileged information in response to the Request and any undertaking by VSS to respond should be understood to exclude privileged information.

4.     VSS objects to these Requests to the extent they call for information that is in the

2

public record or available through public sources and therefore readily available in a manner more convenient, less burdensome, and less expensive.

5.      VSS objects to these Requests to the extent they are unduly burdensome, harassing in nature, overbroad, expensive, oppressive as presently propounded, and/or not reasonably calculated to result in admissible evidence.

6.      VSS objects to the Requests to the extent they seek information which is known by or in the possession, custody, or control of persons other than Victoria's Secret, including servants, representatives, attorneys, and agents.

7.      VSS objects to these Requests to the extent they purport to require VSS to create a summary, compilation, or categorization of documents that is not kept in the ordinary course of business.

8.      VSS objects to these Requests to the extent they seek trade secrets, proprietary, or confidential business information, information that constitutes intellectual property of the company, or information the disclosure of which would result in a competitive disadvantage to the company.

9.      VSS is producing information pursuant to Court Rules and in the spirit of cooperation, but VSS does not waive any evidentiary or other objections to the materials contained herein.

## RESPONSES TO REQUESTS

1.      Copies of any and all insurance policies which may ensure the benefit of the Defendant herein, including any excess or umbrella coverage policies.

**ANSWER: At the time of the alleged incident, VSS had a $500,000 self-insurance retention ("SIR") followed by a $500,000 fronted deductible per incident, followed by a $4,000,000 SIR**

3

pursuant to a self-insurance program maintained by L Brands Service Company, LLC for its affiliates, including VSS. Once the $5,000,000 SIR and fronted deductible are met, there is "excess" coverage for liability in excess of $5,000,000.

2.      Any and all documents exchanged between the Plaintiffs and the Defendant that refer or relate in any form or manner to any of the issues raised in the pleadings.

**ANSWER: VSS objects to this Request as all such documents are in the possession of Plaintiff. Without waiving this objection, VSS responds as follows. Documents responsive to this Request are produced herewith.**

3.      Any and all statements of Plaintiff and/or Plaintiff's agents, including family and witnesses, revealing knowledge of facts relevant or material to the claims and defenses in the instant litigation.

**ANSWER: VSS objects to this Request as the terms "statements" and "Plaintiff's witnesses" are undefined, vague, and ambiguous. Without waiving this objection, VSS responds as follows. VSS has no written statements from Plaintiff, Plaintiff's family, agents or Plaintiff's witnesses.**

4.      Copies of any and all statements given by third parties regarding the instant accident.

**ANSWER: VSS objects to the characterization that an "accident" occurred as such remains in dispute. VSS objects to this Request as the term "statements" is undefined, vague, and ambiguous. VSS further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, created in anticipation of litigation, or any other applicable claim, law or rule of privilege. Without waiving these objections, VSS responds as follows. VSS has no non-privileged written statements responsive to this Request. Documents not produced because of privilege are as follows:**

| Document | Dates | Privilege |
|---|---|---|
| Adjuster Notes | 10/29/2018 - present | Created in anticipation of litigation. |

4

5.      Copies of any and all statements given by employees of the Defendant regarding the instant accident.

**ANSWER: VSS objects to the characterization that an "accident" occurred as such remains in dispute. VSS objects to this Request as the term "statements" is undefined, vague, and ambiguous. VSS further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, created in anticipation of litigation, or any other applicable claim, law or rule of privilege. Without waiving these objections, VSS responds as follows. VSS has no non-privileged documents responsive to this Request. Documents not produced because of privilege are as follows:**

| Document | Dates | Privilege |
|---|---|---|
| **Adjuster Notes** | **10/29/2018 - present** | **Created in anticipation of litigation.** |

6.      Any and all photographs and/or video of Plaintiff(s) resulting from surveillance and/or investigation of Plaintiff(s).

**ANSWER: VSS objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, created in anticipation of litigation, or any other applicable claim, law or rule of privilege. Without waiving this objections, VSS responds as follows. VSS has no photographs and/or video of Plaintiff responsive to this Request.**

7.      Any and all photographs and/or video which Defendant intends to introduce at trial and/or may be used in this matter as impeachment evidence.

**ANSWER: VSS has not yet determined what documents, if any, it will mark for identification or introduce at a trial or deposition. If it is determined that VSS will use any such documents, VSS will disclose the same in accordance with Court rules.**

8.      Any and all drawings, sketches, photographs and/or video tapes of the Plaintiff's accident scene taken either prior to, on, or after the date of the instant accident.

**ANSWER: VSS objects to the characterization that an "accident" occurred or that there is an "accident scene" as such remains in dispute. VSS objects to this Request as overbroad,**

5

unduly burdensome, harassing in nature and not likely to lead to the discovery of admissible evidence. VSS also objects to the term "accident scene" is vague, undefined, and ambiguous, and Plaintiff has failed to identify a reasonable timeline. VSS further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, created in anticipation of litigation, or any other applicable claim, law or rule of privilege. Without waiving these objections, VSS responds as follows. VSS has no documents responsive to this Request.

9.      Copies of any and all documents indicating the name of the manufacturer of the subject mannequin, including a description and all specifications.

**ANSWER: VSS objects to this Request Plaintiff has not identified the "subject mannequin," and the term is vague, ambiguous, and undefined. Therefore, VSS is unable to provide a responsive Answer to this Request.**

10.     Copies of any indemnification agreement(s) between the Defendant and any other party whom the Defendant contends may be responsible to pay some or all of the Plaintiffs' claims which result in this action.

**ANSWER: VSS objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, created in anticipation of litigation, or any other applicable claim, law or rule of privilege. Without waiving this objection, VSS responds as follows. Pertinent portions of the Master Contractor Services Agreement with RGIS will be produced subject to a Protective Order.**

11.     Copy of the incident or accident report prepared in response to the within accident, including any notes, emails, investigation or photos prepared with or as part of the incident report itself.

**ANSWER: VSS objects to the characterization that an "accident" occurred as such remains in dispute. VSS objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, created in anticipation of litigation, or any other applicable claim, law or rule of privilege. Without waiving these objections, VSS responds as follows. VSS has no documents responsive to this Request.**

12.     A **blank** copy of the form incident report, not specific to any case, that was used by Defendant in response to accidents as of the date of Plaintiff's injury in this matter.

**ANSWER: VSS objects to this Request as overbroad, unduly burdensome, harassing in nature and not likely to lead to the discovery of admissible evidence. Without waiving these objections, VSS responds as follows. A blank copy of a VSS incident report will be produced subject to a Protective Order.**

13.     Any and all safety manuals, safety brochures, training films or manuals, pamphlets, posters, websites, disks, video films (or an equivalent transcript), concerning inspection and/or placement and/or securement of mannequins and/or displays at the subject Victoria's Secret's store.

**ANSWER: VSS objects to this Request as overbroad, unduly burdensome, harassing in nature, and not likely to lead to the discovery of admissible evidence. VSS also objects to this Request as Plaintiff has failed to identify a reasonable timeline. Without waiving these objections, VSS responds as follows. Relevant portions of the brand guide and CSL module will be produced subject to a Protective Order.**

14.     Any and all safety manuals, safety brochures, training films or manuals, pamphlets, posters, web-sites, disks, video films (or an equivalent transcript), concerning safety and accidents involving mannequins and/or displays.

**ANSWER: VSS objects to this Request as overbroad, unduly burdensome, harassing in nature, and not likely to lead to the discovery of admissible evidence. VSS also objects to this Request as Plaintiff has failed to identify a reasonable timeline. Without waiving these objections, VSS responds as follows. Relevant portions of brand guide and CSL module will be produced subject to a Protective Order.**

15.     Minutes and/or notes taken during Defendant's safety meetings and trainings during the two years prior to Plaintiff's accident and one year post accident.

**ANSWER: VSS objects to this Request to the extent "safety meetings and trainings" is undefined, vague, and ambiguous. VSS objects to this Request as overbroad, unduly**

7

burdensome, harassing in nature, and not likely to lead to the discovery of admissible evidence. VSS objects to this Request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, created in anticipation of litigation, or any other applicable claim, law or rule of privilege. Without waiving these objections, VSS responds as follows. VSS reserves the right to supplement this Response at a later time as discovery is continuing.


Respectfully submitted,

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant VICTORIA'S SECRET STORES, LLC*
110 Tower
110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone (954) 703-3763
Facsimile (954) 703-3701
Primary e-mail: patrick.mccardle@csklegal.com
Secondary e-mail: annette.habersham@csklegal.com
By: /s/ Patrick C McCardle
PATRICK C. MCCARDLE
Florida Bar No.: 99042

8

Case 0:21-cv-61470-RAR   Document 1-2   Entered on FLSD Docket 07/20/2021   Page 154 of
183
Case 0:19-cv-62508-XXXX   Document 1-3   Entered on FLSD Docket 10/08/2019   Page 27 of 56

IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

Joanna Parrish,

                            Plaintiff,

vs.

Victoria's Secret Stores, LLC,

                            Defendant.

Case No: CACE-I9-004284

Division: 25

Judge:

## DEFENDANT VICTORIA'S SECRET STORES, LLC'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT

Defendant, Victoria's Secret Stores, LLC ("VSS"), serves its Answers and Objections to

Plaintiff Joanna Parrish's Request for Admissions as follows:

### PRELIMINARY STATEMENT

VSS has not fully completed its investigation of the facts relating to this case, discovery in

this action, or preparation for trial. All of the answers contained herein are based only upon such

information and documents presently available to and specifically known to VSS. It is anticipated

that further discovery, independent investigation, legal research, and analysis will supply

additional facts and contentions, which may, in turn, clarify and add meaning to known facts, as

well as establish entirely new factual matters, all of which may lead to substantial additions to,

changes in, and variations from the contentions and responses herein set forth.

The following answers are given without prejudice to the right of VSS to produce evidence

of any subsequently discovered fact(s), witness(es), document(s), or information that VSS may

later recall. VSS accordingly reserves the right to change any and all of its responses herein as

additional facts are ascertained, analyses are made, legal research is completed, and contentions

are formulated. The responses contained herein are made in a good faith effort to supply as much

factual information, responsive documents, and specification of legal contentions as are presently

known, but should in no way be to the prejudice of VSS in relation to further discovery, research, or analysis. This preliminary statement is incorporated into each and every response set forth below.

## GENERAL OBJECTIONS TO REQUESTS

VSS makes the following general objections and responses, each of which may be incorporated by reference into the specific answers set forth below. These general objections may be specifically referred to in an Answer for the purpose of clarity; however, the failure to specifically incorporate a general objection does not constitute a waiver of that objection.

1.    VSS objects to these Requests to the extent that Plaintiff seeks through the Requests, instructions, and/or the definitions set forth therein to impose on VSS greater obligations than are required by the Florida Rules of Civil Procedure.

2.    VSS objects to any defined or undefined terms in the Requests that differ from how VSS uses such terms in the ordinary course of business, and any response or use of such terms in these responses does not constitute a waiver of any objections regarding the definition or scope of such terms.

3.    VSS objects to these Requests to the extent they call for information that is exempt from discovery by virtue of the attorney-client privilege, work product privilege, or other applicable privilege. To the extent the Requests seek such information, VSS will not produce or disclose such privileged information in response to the Request and any undertaking by VSS to respond should be understood to exclude privileged information.

4.    VSS objects to these Requests to the extent they call for information that is in the public record or available through public sources and therefore readily available in a manner more convenient, less burdensome, and less expensive.

5.      VSS objects to these Requests to the extent they are unduly burdensome, harassing in nature, overbroad, expensive, oppressive as presently propounded, and/or not reasonably calculated to result in admissible evidence.

6.      VSS objects to these Requests to the extent they seek information which is known by or in the possession, custody, or control of persons other than Victoria's Secret, including servants, representatives, attorneys, and agents.

7.      VSS objects to these Requests to the extent they purport to require VSS to create a summary, compilation, or categorization of documents that is not kept in the ordinary course of business.

8.      VSS objects to these Requests to the extent they seek trade secrets, proprietary, or confidential business information, information that constitutes intellectual property of the company, or information the disclosure of which would result in a competitive disadvantage to the company.

9.      VSS is producing information pursuant to Court Rules and in the spirit of cooperation, but VSS does not waive any evidentiary or other objections to the materials contained herein.

## ANSWERS TO REQUESTS

1.      Admit that the Defendant has been properly served.

**ANSWER: Admit.**

2.      Admit that the Defendant is properly named herein.

**ANSWER: Admit.**

3.      Admit that on or about October 25, 2015, the Defendant owned the mannequin involved in Plaintiff's incident.

**ANSWER: Admit only that VSS owned the mannequins in its store on October 25, 2015. All remaining allegations not expressly admitted are denied.**

4.      Admit that on or about October 25, 2015, an employee of Defendant, caused a mannequin to fall, sticking Plaintiff.

**ANSWER: Deny.**

5.      Admit that on or about the date of the accident alleged herein, the Plaintiff was lawfully on the subject premises.

**ANSWER: Deny.**

6.      Admit that on or about the date of the accident alleged herein, the Plaintiff reported being injured after a mannequin fell on her.

**ANSWER: Deny.**

7.      Admit that the Plaintiff's accident could have been avoided had the Defendant, by and through its agents and/or employees, not been negligent.

**ANSWER: Deny.**

8.      Admit there are no known Fabre Defendants.

**ANSWER: Deny.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via electronic

mail, this 16th day of August, 2019 to:

Rachelle Bocksch
Rosenberg & Rosenberg, PA
2501 Hollywood Boulevard, Suite 110
Hollywood, FL 33020
*Attorney for Plaintiff*

Respectfully submitted,

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant VICTORIA'S SECRET
STORES, LLC*
110 Tower
110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone (954) 703-3763
Facsimile (954) 703-3701
Primary e-mail: patrick.mccardle@csklegal.com
Secondary e-mail: annette.habersham@csklegal.com
By: /s/ Patrick C McCardle
PATRICK C. MCCARDLE
Florida Bar No.: 99042

## IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

Joanna Parrish,

                        Plaintiff,

vs.

Victoria's Secret Stores, LLC,

                        Defendant.

Case No: CACE-I9-004284

Division: 25

Judge:

### DEFENDANT'S NOTICE OF SERVING ANSWERS TO PLAINTIFF'S
### FIRST INTERROGATORIES TO DEFENDANT

COMES NOW Defendant, VICTORIA'S SECRET STORES, LLC., by and through its undersigned counsel, and pursuant to Florida Rule of Civil Procedure 1.340, hereby serves their answers to Plaintiff's First Interrogatories to Defendant.

Dated this 16th day of August, 2019.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of August, 2019, a true and correct copy of the foregoing was filed with the Clerk of Broward County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system: Rachelle R. Bocksch, Esq., Rosenberg & Rosenberg, P.A., litigation2@rrpalaw.com;jneira@rrpalaw.com, 2501 Hollywood Boulevard, Suite 110, Hollywood, FL 33020, (954) 963-0444/(954) 963-1758 (F), Attorney for Plaintiff, Joanna Parrish.

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700  - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

CASE NO.: CACE19-004284

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant VICTORIA'S SECRET*
*STORES, LLC.*
110 Tower
110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone (954) 703-3763
Facsimile (954) 703-3701
Primary e-mail: patrick.mccardle@csklegal.com
Secondary e-mail: annette.habersham@csklegal.com


By:   s/ Patrick C McCardle
       PATRICK C MCCARDLE
       Florida Bar No.:  99042

0429.0017-00/15248603

2
**COLE, SCOTT & KISSANE, P.A.**
110 TOWER · 110 S.E. 6TH STREET, SUITE 2700  · FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL   CIRCUIT   IN   AND   FOR
BROWARD COUNTY, FLORIDA

JOANNA PARRISH,

      Plaintiff,

CASE NO.: CACE 19-004284

vs.

VICTORIA'S SECRET STORES, LLC.,

      Defendant.

_____/

## PLAINTIFFS' MOTION TO COMPEL BETTER ANSWERS TO DEFENDANT'S AFFIRMATIVE DEFENSE # 19 (Fabre)

Plaintiff, JOANNA PARRISH, by and through her attorneys, hereby file this Motion to Compel Better Answers to Defendant's Affirmative Defense # 19 and move for the entry of an Order compelling better answers, and as grounds thereof, state the following:

1.    On April 24, 2019 the Defendant filed their Answer and Affirmative Defenses. (See Exhibit A)

2.    Defendant's Nineteenth Affirmative Defense state:

    *"In the event an eventual verdict is obtained and subsequent judgment is entered as to make applicable Florida Statute § 768.81, VSS is entitled to the benefits and protection of said statute to include, but not be limited to, entry of a judgment to be based only upon the percentage of fault of VSS and not that of any unidentified Fabre defendants. VSS reserves the right to name Fabre defendants."*

3.    This accident occurred on October 25, 2015. The Defendant should be able to name with specificity, the parties believed to have contributed to the accident.

4.    The statute of limitations runs October 25, 2019. Without the Defendant fully identifying any and all Fabre Defendants, Plaintiff is severely prejudiced in her ability to pursue the underlying cause of action.

WHEREFORE, Plaintiff JOANNA PARRISH, respectfully request this Honorable Court enter an Order compelling Better Answers to Defendants' Answer & Affirmative Defense # 1, as described herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by electronic service on August ___, 2019 to: Patrick McCardle, Esq., Cole, Scott & Kissane, P.A., patrick.mccardle@csklegal.com; annette.habersham@csklegal.com.

ROSENBERG & ROSENBERG, P.A.
Attorneys for Plaintiff
2501 Hollywood Blvd., Suite 110
Hollywood, FL 33020
(954) 963-0444
Service of Documents: litigation2@rrpalaw.com
Gen. Communications: RBocksch@rrpalaw.com
Psanchez@rrpalaw.com

BY: _____
RACHELLE BOCKSCH, ESQ.
FBN: 151823

Case 0:19-cv-62588-XXXX   Document 1-2   Entered on FLSD Docket 10/08/2019   Page 36 of 56

Filing # 94538487 E-Filed 08/21/2019 02:15:43 PM

IN THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE19-004284

JOANNA PARRISH,

     Plaintiff,

v.

VICTORIA'S SECRET STORES, LLC,

     Defendant.

_____/

## SECOND RE-NOTICE OF TAKING DEPOSITION OF PLAINTIFF, JOANNA PARRISH

*(Cancels deposition on September 3, 2019)*

To:    Rachelle R. Bocksch
       Rosenberg & Rosenberg, P.A.
       2501 Hollywood Boulevard, Suite 110
       Hollywood, FL 33020

     PLEASE TAKE NOTICE that, pursuant to Rule 1.310 (b) of the Florida Rules of Civil Procedure, the undersigned attorneys will take the depositions of:

| | |
|---|---|
| NAME: | Joanna Parrish |
| DATE: | November 13, 2019 |
| TIME: | 1:00 p.m. |
| LOCATION: | US Legal Support |
| | 100 NE 3rd Avenue, Suite 1050 |
| | Fort Lauderdale, FL 33301 |

upon oral examination before **US Legal Support**, or any other notary public or other officer authorized to take depositions in the State of Florida. The oral examination will continue from day to day until completed. The deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the rules of Court.

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700 - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

CASE NO.: CACE19-004284

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of August, 2019, a true and correct copy of the foregoing was filed with the Clerk of Broward County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system: Rachelle R. Bocksch, Esq., Rosenberg & Rosenberg, P.A., litigation2@rrpalaw.com;jneira@rrpalaw.com, 2501 Hollywood Boulevard, Suite 110, Hollywood, FL 33020, (954) 963-0444/(954) 963-1758 (F), Attorney for Plaintiff, Joanna Parrish.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant VICTORIA'S SECRET*
*STORES, LLC.*
110 Tower
110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone (954) 703-3756
Facsimile (954) 703-3701
Primary e-mail: jami.gursky@csklegal.com
Secondary e-mail: patrick.mccardle@csklegal.com
Alternate e-mail: annette.habersham@csklegal.com

By:  s/ Patrick C McCardle
JAMI L. GURSKY
Florida Bar No.: 572926
PATRICK C MCCARDLE
Florida Bar No.: 99042

0429.0017-00/14715615

Case 0:21-cv-61470-RAR   Document 1-2   Entered on FLSD Docket 07/20/2021   Page 165 of 183
Case 0:18-cv-62508-XXXX   Document 47-1   Entered on FLSD Docket 10/08/2019   Page 38 of 56
Filing # 95038888 E-Filed 08/30/2019 11:47:15 AM

IN THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE19-004284

JOANNA PARRISH,

      Plaintiff,

v.

VICTORIA'S SECRET STORES, LLC,

      Defendant.

_____/

## NOTICE OF HEARING

      **PLEASE TAKE NOTICE** that a hearing has been set by Defendants, VICTORIA'S SECRET STORES, LLC, as follows:

**Date and Time:**     September 26, 2019, at 8:45 a.m.

**Judge:**     Honorable Carol-Lisa Phillips

**Place:**     Broward County Courthouse
201 Southeast 6th Street, Room 15175
Fort Lauderdale, FL 33301

**Motion(s):**     DEFENDANT'S MOTION TO COMPEL BETTER RESPONSES TO SUPPLEMENTAL REQUEST FOR ADMISSIONS

**Time Reserved:**     5 minutes

AMERICANS WITH DISABILITIES ACT. If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Diana Sobel, Room 20140, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700 - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

CASE NO.: CACE19-004284

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of August, 2019, a true and correct copy of the foregoing was filed with the Clerk of Broward County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system:   Rachelle R. Bocksch, Esq., Rosenberg & Rosenberg, P.A., litigation2@rrpalaw.com;jneira@rrpalaw.com, 2501 Hollywood Boulevard, Suite 110, Hollywood, FL 33020, (954) 963-0444/(954) 963-1758 (F), Attorney for Plaintiff, Joanna Parrish.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant VICTORIA'S SECRET STORES, LLC.*
110 Tower
110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone (954) 703-3756
Facsimile (954) 703-3701
Primary e-mail: jami.gursky@csklegal.com
Secondary e-mail: patrick.mccardle@csklegal.com
Alternate e-mail: annette.habersham@csklegal.com

By:   s/ Patrick C McCardle
JAMI L. GURSKY
Florida Bar No.: 572926
PATRICK C MCCARDLE
Florida Bar No.: 99042

0429.0017-00/15417191

Page 2
**COLE, SCOTT & KISSANE, P.A.**
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700 - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

┌─Case Schedule Receipt─────────────────────────────────────────────┐

# 17th Judicial Circuit Court of Florida

**Sequence Number: 3**

**Schedule Date and Time:** 09/26/2019 8:45AM - 9:30AM

**Division:** Phillips, Carol-Lisa (25)

**Case Number:** CACE19004284

**Style:** Joanna Parrish Plaintiff vs. Victorias Secret Stores Inc Defendant

**Motion:** DEFENDANTS MOTION TO COMPEL BETTER RESPONSES TO SUPPLEMENTAL REQUEST FOR ADMISSIONS

**Scheduler:** Patrick Colin McCardle

**Phone number:** 9547033763

**Created Date:** 08/30/2019 11:39AM

└───────────────────────────────────────────────────────────────────┘

Case 0:19-cv-62508-XXXX   Document 1-34   Entered on FLSD Docket 10/08/2019   Page 41 of 56

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL   CIRCUIT   IN   AND   FOR
BROWARD COUNTY, FLORIDA

JOANNA PARRISH,

     Plaintiff,

CASE NO.: CACE 19-004284

vs.

VICTORIA'S SECRET STORES, LLC.,

     Defendant.

_____/

### NOTICE OF HEARING

    **YOU WILL PLEASE TAKE NOTICE** that the undersigned will call up for hearing on:

**DATE:**     **September 26, 2019**

**TIME:**     **8:45 am**

**JUDGE:**     **Honorable Carol Lisa-Phillips**

**ROOM:**     **WW15175**

**PLACE:**     **Broward County Courthouse
201 Souteast 6 Street
Ft. Lauderdale, FL 33301**

or as soon thereafter as counsel may be heard the following: **Plaintiff's Motion to Compel better
Answers to Defendant's Affirmative Defense #19 (Fabre)**

PLEASE BE GOVERNED ACCORDINGLY.

Movant counsel hereby certifies that a good faith effort to agree to or narrow the issues on the motion noticed has been made with opposing counsel or, because of time
consideration, such effort has not yet been made, but will be made prior to the scheduled hearing.

    **I HEREBY CERTIFY** that a true and correct copy of the above and foregoing was furnished
by electronic service on September 4, 2019 to: Patrick McCardle, Esq., Cole, Scott & Kissane, P.A.,
patrick.mccardle@csklegal.com; annette.habersham@csklegal.com .

ROSENBERG & ROSENBERG, P.A.
Attorneys for Plaintiff
2501 Hollywood Blvd.,   Suite 110
Hollywood, FL 33020
(954) 963-0444
Service of Documents: litigation2@rrpalaw.com
Gen. Communications: RBocksch@rrpalaw.com
psanchez@rrpalaw.com

BY: _____
RACHELLE BOCKSCH, ESQ.
FBN: 151823

IN THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE19-004284

JOANNA PARRISH,

     Plaintiff,

v.

VICTORIA'S SECRET STORES, LLC,

     Defendant.

_____/

**AMENDED NOTICE OF TAKING DEPOSITION OF PLAINTIFF, JOANNA PARRISH**

*(Amended as to time only)*

To:    Rachelle R. Bocksch
       Rosenberg & Rosenberg, P.A.
       2501 Hollywood Boulevard, Suite 110
       Hollywood, FL 33020

    PLEASE TAKE NOTICE that, pursuant to Rule 1.310 (b) of the Florida Rules of Civil Procedure, the undersigned attorneys will take the depositions of:

| | |
|---|---|
| NAME: | Joanna Parrish |
| DATE: | November 13, 2019 |
| TIME: | 2:00 p.m. |
| LOCATION: | US Legal Support |
| | 100 NE 3rd Avenue, Suite 1050 |
| | Fort Lauderdale, FL 33301 |

upon oral examination before **US Legal Support**, or any other notary public or other officer authorized to take depositions in the State of Florida. The oral examination will continue from day to day until completed. The deposition is being taken for the purpose of discovery, <u>for use at trial</u>, or for such other purposes as are permitted under the rules of Court.

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700 - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

CASE NO.: CACE19-004284

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of October, 2019, a true and correct copy of the foregoing was filed with the Clerk of Broward County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system: Rachelle R. Bocksch, Esq., Rosenberg & Rosenberg, P.A., litigation2@rrpalaw.com;jneira@rrpalaw.com, 2501 Hollywood Boulevard, Suite 110, Hollywood, FL 33020, (954) 963-0444/(954) 963-1758 (F), Attorney for Plaintiff, Joanna Parrish.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant VICTORIA'S SECRET
STORES, LLC.*
110 Tower
110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone (954) 703-3756
Facsimile (954) 703-3701
Primary e-mail: jami.gursky@csklegal.com
Secondary e-mail: patrick.mccardle@csklegal.com
Alternate e-mail: annette.habersham@csklegal.com

By:   s/ Patrick C McCardle
JAMI L. GURSKY
Florida Bar No.: 572926
PATRICK C MCCARDLE
Florida Bar No.: 99042

0429.0017-00/14715615

Filing # 96357502 E-Filed 09/26/2019 03:02:30 PM

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

JOANNA PARRISH,

        Plaintiff,

        CASE NO.: CACE 19-004284

vs.

VICTORIA'S SECRET STORES, LLC.,

        Defendant.

_____/

## PLAINTIFF'S ANSWERS TO DEFENDANT, VICTORIA'S SECRET STORES, LLC.'S, SUPPLEMENTAL REQUEST FOR ADMISSIONS

COMES NOW, the Plaintiff, JOANNA PARRISH, by and through her undersigned attorney, and hereby files her Answers to Defendant, VICTORIA'S SECRET STORES, LLC's, Supplemental Request for Admissions.

### REQUEST FOR ADMISSION #23

The amount in controversy claimed by Plaintiff in this action does not exceed $75,000, exclusive of interest and costs. Admit or Deny

### ANSWER:

Denied. The amount in controversy claimed by Plaintiff in this action does exceed $75,000, exclusive of interest and costs.

### REQUEST FOR ADMISSION #24

Plaintiff's alleged damages for her injuries sustained in the alleged incident are in excess of $75,000.00, exclusive of interest and costs. Admit or Deny?

### ANSWER:

Admit.

**REQUEST FOR ADMISSION #25**

After the alleged incident, Plaintiff walked out of the Store without assistance. Admit or

Deny.

**ANSWER:**

Admit.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served pursuant to

Fla. R. Jud. Admin. 2.516 via email to: Patrick McCardle, Esq., patrick.mccardle@csklegal.com,

and Jami Gursky, Esq., jami.gursky@csklegal.com, Cole, Scott & Kissane, P.A. 110 SE 6th Street,

Suite 2700, Fort Lauderdale, Florida 33301 (954)-703-3700 on September 26, 2019.

COFFEY TRIAL LAW
Co-Counsel for Plaintiff
500 N.E. Fourth Street
Suite 100
Ft. Lauderdale, Florida 33301
(754) 301-2432 – Direct
(954) 541-3194 – Main
(954) 780-8668 – Fax
pleadings@ct-law.com

BY: _____
SAMUEL A. COFFEY, ESQ.
Florida Bar No.: 71838

Case 0:19-cv-62508-XXXX   Document 1-3   Entered on FLSD Docket 10/08/2019   Page 46 of 56

Filing # 96278573 E-Filed 09/25/2019 02:06:50 PM

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

JOANNA PARRISH,

GENERAL JURISDICTION DIVISION

     Plaintiff,

CASE NO: CACE 19-004284

v.

VICTORIA'S SECRET STORES, LLC.,

_____Defendant._____/

## PLAINTIFF'S NOTICE OF COMPLIANCE WITH FLORIDA RULE 2.156(b)(1) AND DESIGNATION OF EMAIL ADDRESSES

Plaintiff, Joanna Parrish, by and through the undersigned counsel files this Notice of Compliance with Rule 2.156(b)(1) and Designation of Email Address (effective September 1, 2012).

The following email address is designated for service by electronic mail:

Primary email address:  pleadings@ct-law.com

Documents shall be served by email to the above designated email address. Service to less than the above-designated email address or to any other e-mail address will not be considered proper service pursuant to Florida Rule of Judicial Administration, Rule 2.516 which conforms with the Florida Rules of Civil Procedure.

**All other communication and/or correspondence, including all emails regarding scheduling, should be sent to the appropriate office contact as designated below.**

Attorney:          sam@ct-law.com

Legal Assistant:     rebecca@ct-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served pursuant to

Fla. R. Jud. Admin. 2.516 via email to: Patrick McCardle, Esq., patrick.mccardle@csklegal.com,

and Jami Gursky, Esq., jami.gursky@csklegal.com, Cole, Scott & Kissane, P.A. 110 SE 6th Street,

Suite 2700, Fort Lauderdale, Florida 33301 (954)-703-3700 on September 25, 2019.

COFFEY TRIAL LAW
Co-Counsel for Plaintiff
500 N.E. Fourth Street
Suite 100
Ft. Lauderdale, Florida 33301
(754) 301-2432 – Direct
(954) 541-3194 – Main
(954) 780-8668 – Fax
pleadings@ct-law.com

BY: _____
SAMUEL A. COFFEY, ESQ.
Florida Bar No.: 71838

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

JOANNA PARRISH,

GENERAL JURISDICTION DIVISION

      Plaintiff,

CASE NO: CACE 19-004284

v.

VICTORIA'S SECRET STORES, LLC.,

      Defendant.     /

## NOTICE OF APPEARANCE

YOU ARE NOTIFIED that the undersigned is appearing as counsel for Plaintiff, and copies of pleadings, motions and other papers should be served on the undersigned.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served pursuant to Fla. R. Jud. Admin. 2.516 via email to: Patrick McCardle, Esq., patrick.mccardle@csklegal.com, and Jami Gursky, Esq., jami.gursky@csklegal.com, Cole, Scott & Kissane, P.A. 110 SE 6th Street, Suite 2700, Fort Lauderdale, Florida 33301 (954)-703-3700 on September 25, 2019.

COFFEY TRIAL LAW
Co-Counsel for Plaintiff
500 N.E. Fourth Street
Suite 100
Ft. Lauderdale, Florida 33301
(754) 301-2432 – Direct
(954) 541-3194 – Main
(954) 780-8668 – Fax
pleadings@ct-law.com

BY: _____
SAMUEL A. COFFEY, ESQ.
Florida Bar No.: 71838

Case 0:21-cv-61470-RAR   Document 1-2   Entered on FLSD Docket 07/20/2021   Page 176 of 183
Case 0:18-cv-62508-XXXX   Document 1-3   Entered on FLSD Docket 10/08/2019   Page 49 of 56
Filing # 96288933 E-Filed 09/25/2019 03:20:00 PM

IN THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE19-004284

JOANNA PARRISH,

     Plaintiff,

v.

VICTORIA'S SECRET STORES, LLC.,

     Defendant.

_____/

## NOTICE OF CANCELLATION OF HEARING

**COMES NOW** the Defendant, VICTORIA'S SECRET STORES, LLC, and hereby gives notice that the hearing, before the **Honorable Carol-Lisa Phillips,** Broward County Courthouse, 201 SE 6th Street, Fort Lauderdale, FL 33301, on **September 26, 2019, at 8:45 a.m.,** on **DEFENDANT'S MOTION TO COMPEL BETTER RESPONSES TO SUPPLEMENTAL REQUEST FOR ADMISSIONS** is hereby **CANCELLED.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of September, 2019, a true and correct copy of the foregoing was filed with the Clerk of Broward County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system:  Samuel Aaron Coffey, Esq., Coffey Trial Law, pleadings@ct-law.com, 500 N.E. 4th Street, Suite 100, Fort Lauderdale, FL 33301, (954) 541-3194/(954) 780-8668 (F), Attorney for Plaintiff, Joanna Parrish.

**COLE, SCOTT & KISSANE, P.A.**
110 TOWER - 110 S.E. 6TH STREET, SUITE 2700  - FT. LAUDERDALE, FLORIDA 33301 (954) 703-3700 (954) 703-3701 FAX

CASE NO.: CACE19-004284

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant VICTORIA'S SECRET STORES, LLC.*
110 Tower
110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone (954) 703-3763
Facsimile (954) 703-3701
Primary e-mail: patrick.mccardle@csklegal.com
Secondary e-mail: annette.habersham@csklegal.com

By:   s/ Patrick C McCardle
PATRICK C MCCARDLE
Florida Bar No.:  99042

0429.0017-00/15707853

Case 0:18-cv-62508-XXXX   Document 1-63   Entered on FLSD Docket 10/08/2019   Page 51 of 56

Filing # 96303791 E-Filed 09/25/2019 05:26:17 PM

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

JOANNA PARRISH,                          GENERAL JURISDICTION DIVISION

      Plaintiff,                          CASE NO: CACE 19-004284

v.

VICTORIA'S SECRET STORES, LLC.,

_____Defendant._____/

## NOTICE OF CANCELLATION OF HEARING

YOU ARE HEREBY NOTICED that the following hearing has been CANCELLED:

**DATE:**     **September 26, 2019**

**TIME:**     **8:45 A.M.**

**JUDGE:**     **Honorable Carol Lisa-Phillips**

**ROOM:**     **WW15175**

**PLACE:**     **Broward County Courthouse**
             **201 S.E. 6th Street**
             **Room 15170**
             **Ft. Lauderdale, Florida 33301**

## SPECIFIC MATTER TO BE HEARD:

**Plaintiff's Motion to Compel Better Answers to Defendant's Affirmative Defense #19 (Fabre)**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served pursuant to

Fla. R. Jud. Admin. 2.516 via email to: Patrick McCardle, Esq., patrick.mccardle@csklegal.com,

and Jami Gursky, Esq., jami.gursky@csklegal.com, Cole, Scott & Kissane, P.A. 110 SE 6th Street,

Suite 2700, Fort Lauderdale, Florida 33301 (954)-703-3700 on September 25, 2019

1

COFFEY TRIAL LAW
Attorneys for Plaintiff
500 N.E. Fourth Street
Suite 100
Ft. Lauderdale, Florida 33301
(754) 301-2432 – Direct
(954) 541-3194 – Main
(954) 780-8668 – Fax
pleadings@ct-law.com


BY:  /s/  Samuel Coffey
     SAMUEL A. COFFEY, ESQ.
     Florida Bar No.: 71838

Filing # 96308770 E-Filed 09/25/2019 06:38:40 PM

Case 0:19-cv-62508-XXXX   Document 1-3-4   Entered on FLSD Docket 10/08/2019   Page 53 of 56

## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. <u>CACE19004284</u>   DIVISION <u>25</u>   JUDGE <u>Carol-lisa Phillips</u>

**Joanna Parrish**

Plaintiff(s) / Petitioner(s)

v.

**Victorias Secret Stores Inc**

Defendant(s) / Respondent(s)

_____/

## AGREED ORDER ON DEFENDANT'S MOTION TO COMPEL BETTER RESPONSES TO SUPPLEMENTAL REQUEST FOR ADMISSIONS

THIS CAUSE having come before the Court on Defendant's Motion to Compel Better Responses to Supplemental Request for Admissions and it appearing to the Court that an agreement was reached between counsel for the Plaintiff and Defendant, it is

ORDERED AND ADJUDGED, as follows:

a.   Defendant's Motion to Compel Better Responses to Supplemental Request for Admissions is hereby Granted.

b.   Plaintiff will provide better responses to supplemental Request for Admissions within 10 days of the date of this Order.

**DONE** and **ORDERED** in Chambers, at Broward County, Florida on <u>09-25-2019</u>.

<u>CACE19004284 09-25-2019 4:21 PM</u>

Hon. Carol-lisa Phillips

**CIRCUIT JUDGE**

Electronically Signed by Carol-lisa Phillips

**Copies Furnished To:**
Jami L. Gursky , E-mail : jami.gursky@csklegal.com
Jami L. Gursky , E-mail : Annette.Ochoa@csklegal.com
Patrick McCardle , E-mail : Annette.Habersham@csklegal.com
Patrick McCardle , E-mail : Patrick.McCardle@csklegal.com
Prisila Sanchez , E-mail : psanchez@rrpalaw.com

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN, CLERK 09/25/2019 06:39:26 PM.****

CaseNo: CACE19004284
Page 2 of 2

Rachelle R Bocksch , E-mail : rbocksch@rrpalaw.com
Rachelle R Bocksch , E-mail : twilliams@rrpalaw.com
Rachelle R Bocksch , E-mail : litigation2@rrpalaw.com
Rachelle Renee Bocksch , E-mail : litigation2@rrpalaw.com
Rachelle Renee Bocksch , E-mail : rbocksch@rrpalaw.com
Samuel A. Coffey , E-mail : pleadings@ct-law.com

Filing # 96308770 E-Filed 09/25/2019 06:38:40 PM  Entered on FLSD Docket 10/08/2019   Page 55 of 56

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. <u>CACE19004284</u>   DIVISION <u>25</u>   JUDGE <u>Carol-lisa Phillips</u>

**Joanna Parrish**

Plaintiff(s) / Petitioner(s)

v.

**Victorias Secret Stores Inc**

Defendant(s) / Respondent(s)

_____/

## AGREED ORDER ON DEFENDANT'S MOTION TO COMPEL BETTER RESPONSES TO SUPPLEMENTAL REQUEST FOR ADMISSIONS

THIS CAUSE having come before the Court on Defendant's Motion to Compel Better Responses to Supplemental Request for Admissions and it appearing to the Court that an agreement was reached between counsel for the Plaintiff and Defendant, it is

ORDERED AND ADJUDGED, as follows:

a.  Defendant's Motion to Compel Better Responses to Supplemental Request for Admissions is hereby Granted.

b.  Plaintiff will provide better responses to supplemental Request for Admissions within 10 days of the date of this Order.

**DONE** and **ORDERED** in Chambers, at Broward County, Florida on <u>09-25-2019</u>.

CACE19004284 09-25-2019 4:21 PM

CACE19004284 09-25-2019 4:21 PM
Hon. Carol-lisa Phillips
**CIRCUIT JUDGE**
Electronically Signed by Carol-lisa Phillips

**Copies Furnished To:**
Jami L. Gursky , E-mail : jami.gursky@csklegal.com
Jami L. Gursky , E-mail : Annette.Ochoa@csklegal.com
Patrick McCardle , E-mail : Annette.Habersham@csklegal.com
Patrick McCardle , E-mail : Patrick.McCardle@csklegal.com
Prisila Sanchez , E-mail : psanchez@rrpalaw.com

CaseNo: CACE19004284
Page 2 of 2

Rachelle R Bocksch , E-mail : rbocksch@rrpalaw.com
Rachelle R Bocksch , E-mail : twilliams@rrpalaw.com
Rachelle R Bocksch , E-mail : litigation2@rrpalaw.com
Rachelle Renee Bocksch , E-mail : litigation2@rrpalaw.com
Rachelle Renee Bocksch , E-mail : rbocksch@rrpalaw.com
Samuel A. Coffey , E-mail : pleadings@ct-law.com